**Jimmie THOMAS, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 20549.**

United States Court of Appeals
Ninth Circuit.

Nov. 30, 1966.

Wesley C. Blake, of Benedict & Blake, San Diego, Cal., for appellant.

Manuel Real, U. S. Atty., John K. Van de Kamp, J. Brin Schulman, Shelby R. Gott, Phillip Johnson, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before DUNIWAY and ELY, Circuit Judges, and CRAIG, District Judge.

CRAIG, District Judge:

On May 11, 1965, appellant, Thomas, a male companion, one Williams, and a female companion, one Freeland, visited Tijuana, Mexico. The party arrived in Tijuana between six and seven o'clock in the morning. After spending a part of the day in Tijuana, the party returned to the United States by way of the San Ysidro Port of Entry at approximately 2:30 o'clock, p. m.

At that time and place appellant was driving a Buick automobile and appellant's companions were seated in the back seat. After a routine inspection by the Customs officer at the port of entry, the party was detained for further examination and search.

Appellant and Freeland were seated in a room with Customs Inspector Young, who was charged with the responsibility of maintaining observance over the two.

Williams was removed from the presence of the other two members of the party and searched. No contraband was found on Williams.

While observing appellant and Freeland Inspector Young heard a sound emanating from the floor in the vicinity of the right rear leg of the chair in which appellant was seated. Young observed a scarf or kerchief flutter to the floor directly below the position of appellant's hand and over the spot from which the sound had emanated. The sound was described as a "flat sound". Freeland was seated three to four feet distant from appellant. Upon examination it was disclosed that under the scarf and upon the floor was a rubber contraceptive containing a substance which subsequently proved to be approximately one ounce of material which was forty-two per cent heroin.

Appellant was arrested and subsequently, on May 26, 1965, indicted on two counts charging illegal importation of narcotics and concealment of narcotics in violation of Sections 173 and 174, Title 21, United States Code. Appellant waived trial by a jury and was tried to the Court. In addition to the evidence

related above, other evidence was introduced with respect to the movements of appellant prior to arriving in Mexico and during his visit in Mexico.

Upon conclusion of the trial the Court found the defendant guilty on both counts, from which judgment appellant has appealed to this Court pursuant to Title 28 U.S.C. §§ 1291, 1294.

■ Appellant asserts three errors as the basis for his appeal. The first two resting upon insufficiency of the evidence at the close of plaintiff's case and at the close of all the evidence, and the third asserting that the Court improperly applied the rule of Holland v. United States, 348 U.S. 121, 75 S.Ct. 127, 99 L.Ed. 150.

The first two propositions are without merit. A review of the record discloses sufficient evidence to have been received to justify the trial court's action in denying appellant's motion at the close of the plaintiff's case and at the close of all the evidence.

■ In supporting his third point, appellant seeks to distinguish *Holland,* supra, by referring to Curley v. United States, 81 U.S.App.D.C. 389, 160 F.2d 229. The argument is specious. The rule in *Holland* in rejecting the proposition that the Court, after instructing on reasonable doubt must also instruct that the evidence must exclude every reasonable hypothesis but that of guilt, has been followed by this Court. Strangway v. United States, 9 Cir., 312 F.2d 283, cert. den. 373 U.S. 903, 83 S.Ct. 1291, 10 L.Ed. 2d 199. The test here is not so much the application of the rule in *Holland,* as it is whether the evidence is not sufficient to sustain a judgment of conviction.

In such case the appropriate test, as a general proposition, is whether reasonable minds could find the evidence excludes every reasonable hypothesis but that of guilt. Kaplan v. United States, 9 Cir., 329 F.2d 561.

In considering that question "we must of course, view the evidence, taking into account reasonable inferences which may be drawn from it, in the light most favorable to the government". Figueroa v. United States, 9 Cir., 352 F.2d 587, 589; Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680.

As we have noted, this case was tried to the Court without a jury. The learned trial judge was in a position to weigh the evidence, to observe and weigh the credibility of the witnesses who appeared before him. We find no error in the conclusions of the trial court from the evidence before him.

Judgment of conviction is affirmed.