UNITED STATES of America, Plaintiff-Appellee,

v.

LaMar Herman LARSEN, Defendant-Appellant.

No. 26595.

United States Court of Appeals, Ninth Circuit.

April 20, 1971.

Rehearing Denied June 9, 1971.

William J. Tway, of Webb, Tway & Redford, Boise, Idaho, for defendant-appellant.

Sherman F. Furey, Jr., U. S. Atty., Samuel Eismann, Asst. U. S. Atty., Boise, Idaho, for plaintiff-appellee.

Before CARTER, WRIGHT and TRASK, Circuit Judges.

PER CURIAM:

LaMar Herman Larsen appeals from a judgment of conviction entered after a jury trial on a charge that he intentionally devised a scheme to defraud various companies issuing credit cards and, in connection therewith, used the United States mail. 18 U.S.C. § 1341. He contends that the evidence was insufficient to show a scheme to defraud and that the court erred in denying his motion to strike certain exhibits. Finding no error, we affirm.

On September 25, 1968, appellant mailed an application to Shell Oil Company for a gasoline credit card. At the top of the application, appellant printed the name "Lars Harvey Larsen," who was his father. Appellant indicated that he was 72 years old, that he had been employed as a school teacher and farmer for 38 years, and was a person with reasonably modest assets and a stable background. The application was signed "L. H. Larsen," which, of course, matched both appellant's and his father's initials. A credit card was issued and, in a few months time, appellant had incurred a debt of over $2,000 to Shell, signing each invoice as "L. H. Larsen."

A similar application was received by Carte Blanche five months later, but this application was rejected.

At the trial the government produced evidence to show that appellant was only 35 years old at the time he signed the Shell and Carte Blanche applications. With this and the deceptive use of his father's name, the jury could reasonably infer that all of the information in the application related the father's, and not appellant's, financial background.

The jury could also reasonably infer that when he obtained credit by signing "L. H. Larsen" he intended Shell Oil Company to believe that the "L. H. Lar-

sen" who signed for the purchase of the merchandise was the same "L. H. Larsen" described in the application for credit and not an entirely different person.

In addition to the above, the indictment charged that appellant had used the mails in connection with two other credit cards, a BankAmericard and Sinclair Oil Company, as a part of his overall scheme to defraud. However, the particular mailings involving those companies were later stricken from the indictment when the government failed to show that appellant had misrepresented himself either in obtaining the cards or in making purchases.

■■ In reviewing the sufficiency of the evidence, we are limited to ascertaining whether there was sufficient evidence of false pretenses, representations or promises that a reasonable jury could infer that defendant intentionally engaged in a scheme to defraud and that, in at least one instance, he used the mail to accomplish his purpose. See Lustiger v. United States, 386 F.2d 132, 136 (9th Cir. 1967); Gold v. United States, 350 F.2d 953, 956 (8th Cir. 1965). *Cf.* United States v. Nelson, 419 F.2d 1237 (9th Cir. 1969). Also, since the appeal is from a conviction we must consider the evidence and all reasonable inferences therefrom in the light most favorable to the government. Lustiger v. United States, *supra*, 386 F.2d at 134.

■ Here there was evidence that on two instances appellant sent false information to credit card issuers upon which he obviously intended them to rely; that he later incurred a large obligation which was unpaid; and that he signed the invoices on the Shell card in such a manner as to misrepresent the identity of the signer. On this evidence a reasonable jury could conclude that appellant intentionally engaged in a scheme to defraud. See United States v. Cacchillo, 416 F.2d 231 (2nd Cir. 1969).

■ Appellant also argues that the district court should have granted his motion to strike the exhibits relating to the use of the BankAmericard and Sinclair Oil credit cards. However, this evidence, to the extent that it was damaging to appellant's case, was clearly relevant to show a pattern of conduct in use of the Shell credit card. Therefore, the district could did not abuse its discretion in denying the motion to strike. See Fineberg v. United States, 393 F.2d 417, 419 (9th Cir. 1968); Stratton v. United States, 387 F.2d 364 (10th Cir. 1968).

Affirmed.