**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Terry NYSTROM et al., Defendant-**
**Appellant.**

**No. 26884.**

United States Court of Appeals,
Ninth Circuit.

Aug. 20, 1971.

Arthur G. Spence (argued), Los Angeles, Cal., for Nystrom.

Robert C. Bonner, Asst. U. S. Atty. (argued), Robert L. Meyer, U. S. Atty., David R. Nissen, Chief, Crim. Div., Los Angeles, Cal., for plaintiff-appellee.

Before MERRILL and CARTER, Circuit Judges, and COPPLE, District Judge [*].

COPPLE, District Judge:

Appellant, with two co-defendants, was found guilty after a jury trial of both counts of an indictment charging violation of Title 21, U.S.C. Sec. 174. Count One charged that defendants "unlawfully received, concealed and facilitated the concealment and transportation" of heroin. Count Two charged that defendants "unlawfully sold and facilitated the sale" of heroin. Appellant was sentenced to concurrent terms of five years on each count. At trial an attorney other than counsel on appeal was retained and jointly represented appellant and one of his co-defendants. The trial was short and the Government's evidence as to the guilt of all defendants tried was substantial. The defendants presented no evidence and none of them testified.

The questions raised on appeal are as follows:

1. Does the right to assistance of counsel guaranteed by the Sixth Amendment require the trial court to advise a defendant with jointly retained counsel that he has a right to separate counsel and to inquire into the possibility of conflict between jointly represented defendants?

2. Did the trial court err in its instruction to the jury on what constitutes a "sale" of a narcotic drug within the meaning of Title 21, U.S.C. Sec. 174?

 The trial court did not inquire of appellant's jointly retained counsel as to the possibility of a conflict nor did the court advise defendant of his right to separate counsel. Appeal counsel has

---

[*] The Honorable William P. Copple, United States District Judge for the District of Arizona, sitting by designation.

pointed to no evidence in the record of a conflict and this Court can find none. Appeal counsel has not shown that appellant's defense was in any way impaired by the joint representation and the record does not show it was. This Circuit has consistently held that in order to find that a defendant was denied effective assistance of counsel by virtue of a joint representation there must be a showing of a conflict of interest between the jointly represented defendants. Duran v. United States, 413 F.2d 596, 599 (9th Cir. 1969), cert. denied 396 U.S. 917, 90 S.Ct. 239, 24 L.Ed.2d 195; Glavin v. United States, 396 F.2d 725, 727 (9th Cir. 1968), cert. denied 393 U.S. 926, 89 S.Ct. 258, 21 L.Ed.2d 262; Juvera v. United States, 378 F.2d 433, 437–439 (9th Cir. 1967), cert. denied 389 U.S. 1008, 88 S.Ct. 568, 19 L.Ed.2d 604; Lugo v. United States, 350 F.2d 858, 859 (9th Cir. 1965); Gonzales v. United States, 314 F.2d 750, 752 (9th Cir. 1963).

The Circuit's latest statement in this regard is very succinct: "Joint representation is permitted unless specific prejudice appears." Davidson v. Cupp, 446 F.2d 642 (9th Cir., July 20, 1971). No such specific prejudice appears here.

This Circuit has held that failure of the trial court to advise co-defendants who have retained joint counsel that they have a right to separate counsel and to inquire into the possibility of a conflict of interest, absent more, is not reversible error. Juvera v. United States, 378 F.2d 433, 437 (9th Cir. 1967). See also: United States v. Paz-Sierra, 367 F.2d

930 (2nd Cir. 1966), cert. denied 386 U.S. 935, 87 S.Ct. 962, 17 L.Ed.2d 807.

As to the second issue raised by appellant, the Government's undisputed evidence established that a price was agreed upon, delivery of the heroin to a government agent was completed and only the arrest prevented actual payment over of the money. While we need not pass upon this contention raised as to only Count Two of the indictment in view of the concurrent sentence doctrine. United States v. Jones, 446 F.2d 12 (9th Cir. 1971), this Court finds no error in the instruction given.[1] Barnett v. United States, 171 F.2d 721 (9th Cir. 1949); United States v. Privett, 443 F.2d 528 (9th Cir. 1971).

Affirmed.

---

1. "In this case an issue has been raised as to whether a sale of the heroin actually took place between the narcotics agents and the defendants.

"You are hereby instructed that an illegal sale of narcotic drugs can take place under the law if the narcotic is merely delivered to the prospective buyer. It is not necessary for the agents to have given money to the defendants in order for there to be a sale, if the evidence shows that there was a delivery of the narcotics to the agents.

" 'Delivery' is defined as the voluntary transfer of an item from one person to another. No particular act or formal

ceremony is necessary to make a delivery; any act done with intent to transfer possession and dominion is sufficient.

"In considering whether there was a delivery in this case, if the evidence shows that only one further step remained in the transaction, and that step involved the paying of the money by the agents to the defendants, then you may find that there was a delivery of the narcotics."