**UNITED STATES of America**
v.
**Clarence SCOTT, Appellant.**
**No. 71–1438.**

United States Court of Appeals,
Third Circuit.

Argued April 11, 1972.

Decided May 22, 1972.

Donald D. Rossetti, Martin, Finnegan & Rossetti, Monroeville, Pa., for appellant.

Henry G. Barr, Asst. U. S. Atty., Pittsburgh, Pa., for appellee.

Before HASTIE, VAN DUSEN and ALDISERT, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM:

Clarence Scott appeals from a May 3, 1971, judgment and conviction entered after a jury verdict of guilty on Counts 1, 2, 3, 5 and 6 of a six-count indictment; the jury found Scott not guilty of the offense charged in Count 4.[1] The indictment charged that Scott used the mails in furtherance of a scheme and artifice to defraud various companies and obtain cash and merchandise through the fraudulent use of these companies' credit cards for which he had applied under several fictitious names. Each of the six counts of the indictment charged that Scott, for the purpose of executing this fraudulent scheme, caused to be mailed a specific credit card application and caused to be mailed in return a specific credit card, in violation of 18 U.S. C. §§ 1341 and 1342.

After careful consideration of the record, the following contentions advanced by defendant's court-appointed counsel are rejected:

1. The admission of testimony and evidence of prior criminal conduct and activity not included in the offenses charged was error entitling defendant to a new trial. See United States v. Todaro, 448 F.2d 64 (3d Cir. 1970); United States v. Larsen, 441 F.2d 512 (9th Cir. 1971).

2. The denial of defendant's motion for a directed verdict of acquittal on

---

1. The district court opinion is reported at 326 F.Supp. 272 (W.D.Pa.1971).

Count 4 was reversible error entitling defendant to a new trial. *Cf.* United States v. Larsen, *supra* at 514.

3. The district court's instructions to the jury, limiting the jury's use of evidence of prior criminal conduct, were inadequate and constituted reversible error.

The defendant has also raised additional arguments in numerous pro se documents addressed to this court.[2] He argues that he was denied his Sixth Amendment right to the counsel of his choice because of the district court's denial of his motion to have his court-appointed attorney discharged and for a continuance in order to secure counsel of his choice. We find that the trial judge did not abuse his discretion in denying defendant's motion in the circumstances of this case. *See* United States ex rel. Baskerville v. Deegan, 428 F.2d 714 (2d Cir.), cert. denied, 400 U.S. 928, 91 S.Ct. 193, 27 L.Ed.2d 188 (1970); United States ex rel. Davis v. McMann, 386 F. 2d 611 (2d Cir. 1967); *cf.* United States

2. The following documents, raising issues on appeal, have been received from the defendant prior to the oral argument in this appeal and filed with this court:

1. Motion for Bail Pending Appeal and Argument in Support of Bail Motion received March 24, 1972.

2. Supplement to Motion for Bail Pending Appeal, received April 3, 1972.

3. Supplemental Appeal Brief, received April 6, 1972.

4. Two documents entitled Additional Argument in Support of Supplemental Appeal Brief, both received April 10, 1972.

The above documents submitted by the defendant raised the following arguments on appeal, in addition to those specifically discussed in this opinion:

1. Information and evidence obtained from a University City arrest were illegally introduced because this information was the fruit of a previous illegal arrest and because the search incident to arrest was illegally broad.

2. Statements made by the defendant in connection with a New York arrest were illegally introduced because, although the defendant was given *Miranda* warnings, he was not specifically warned that his statements could be used in a federal prosecution.

3. Evidence introduced to show use of the mails was inadmissible hearsay and should, therefore, have been excluded by the district court.

4. Certain credit card receipts should not have been introduced into evidence because they were allegedly fraudulent and, therefore, not ordinary business records.

5. Defendant was prejudiced by the joinder of Count 4 and the introduction of evidence on this count, even though he was acquitted by the jury on this count.

6. The introduction of evidence concerning events prior to and subsequent to the period charged in the indictment was prejudicial error.

7. Since the actual credit card application involved in Count 6 was not introduced into evidence, this count should have been dismissed.

8. The jury verdict was against the weight of the evidence, particularly since there was no evidence that Cole and Foster did not exist or that defendant was responsible for the scheme involving use of the answering service. None of these arguments and objections advanced by the defendant appear to have been presented to the district court during the trial and we cannot say on the record before us that any of the alleged errors constituted "plain error," affecting substantial rights of the defendant and entitling him to either a judgment of acquittal or a new trial. See F.R.Crim.P. 52.

The above documents submitted by the defendant also raised the following additional arguments:

1. Defendant's attorney failed to present evidence before the jury of the fact that a witness identified Vincent Scott as the user of one of the credit cards involved in the indictment even though requested to do so by the defendant.

2. Defendant's attorney improperly refused to request an expert examination of defendant's handwriting, even though requested by defendant to do so.

3. Defendant's counsel did not allow defendant to testify, although he asked to do so.

It does not appear that there is merit to these arguments advanced by defendant, but since they involve factual issues not considered by the district court, they are not properly before us on this direct appeal and, therefore, we have not considered them.

ex rel. Carey v. Rundle, 409 F.2d 1210 (3d Cir. 1969), cert. denied, 397 U.S. 946, 90 S.Ct. 964, 25 L.Ed.2d 127 (1970). Defendant has also argued that he was denied his Sixth Amendment right to the effective assistance of counsel because of the inadequate preparation and performance of his counsel. The district court rejected this argument (326 F.Supp. at 279) and the finding of the trial judge on this issue is adequately supported by the record. *See, e. g.,* United States ex rel. Carey v. Rundle, *supra.* We have also examined the other arguments advanced by defendant and find that those that are properly before this court on direct review of defendant's conviction are without merit.[3]

The judgment of conviction will be affirmed.

---

3. See footnote 2, *supra.* Defendant submitted to the district court on March 24, 1972, a Motion to Introduce New Evidence based upon a letter purporting to be a confession of his brother, Vincent J. Scott, to the crimes for which defendant was convicted. This Motion was forwarded to this court on March 27, 1972. See, also, Supplement to Motion For Bail Pending Appeal (received April 13, 1972) and Supplement to Motion For A New Trial (received April 14, 1972). We have not considered this matter, since it was first presented to the district court after this appeal was taken and the district court has had no opportunity to consider it. Cf. F.R.Crim.P. 33.