**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**V. J. PAYNE, aka Marvin Hunt, et al.,
Defendant-Appellant.**

No. 72–1215.

United States Court of Appeals,
Ninth Circuit.

Feb. 7, 1973.

John S. Lane, Long Beach, Cal., for defendant-appellant.

William D. Keller, U. S. Atty., David P. Curnow, Eric A. Nobles, Asst. U. S. Attys., Los Angeles, Cal., for plaintiff-appellee.

Before ELY, HUFSTEDLER, and WALLACE, Circuit Judges.

WALLACE, Circuit Judge:

After a six-day jury trial, Payne was found guilty of fourteen counts involving conspiracy, mail fraud, fraud by wire and interstate transportation of goods taken by fraud (18 U.S.C. §§ 371, 1341, 1343 and 2314). Payne appeals from this conviction on three grounds: that the trial court erroneously admitted into evidence proof of a prior conviction; that the trial court erred in admitting into evidence his prior statements; and that the evidence was insufficient to

support the verdict. We reject all of these contentions and affirm the judgment.

The modus operandi of Payne and co-defendant William Shiller was to set up an office with appropriate trappings, establish a phony line of credit at a reputable bank and place orders with frozen food distributors. In reply to credit inquiries, they would invite the distributors to check with their bank. Also, they would provide a Dun and Bradstreet report which was made up from information they had furnished Dun and Bradstreet.

After a line of credit had been verified, the distributors would send a series of shipments of frozen food. In the meantime, Payne and Shiller would have arranged to sell the shipments to other frozen food buyers at discounted prices. When the shipments arrived, they would immediately transfer ownership to the new owner. Payne and Shiller kept the proceeds from all the discounted sales but usually paid the distributor for the first order only in a series of purchases.

## EVIDENCE OF PRIOR CONVICTION

■ Mail fraud requires proof of specific intent. In meeting its burden, the government offered into evidence proof of a prior conviction for mail fraud in the form of a signed stipulation which was read to the jury. Not only did Payne fail to object, but he indicated his assent by joining in the stipulation. Under these circumstances, only plain error could survive for appellate correction. Silber v. United States, 370 U.S. 717, 82 S.Ct. 1287, 8 L.Ed.2d 798 (1962); United States v. Atkinson, 297 U.S. 157, 56 S.Ct. 391, 80 L.Ed. 555 (1936); Herzog v. United States, 226 F.2d 561, 569 (9th Cir. 1955), cert. denied, 352 U.S. 844, 77 S.Ct. 54, 1 L.Ed.2d 59 (1956). As the crime which resulted in the prior conviction was clearly a prior similar act,[1] there was no error, plain or otherwise. See United States v. Larsen, 441 F.2d 512 (9th Cir. 1971); Fineberg v. United States, 393 F.2d 417 (9th Cir. 1968).

## PRIOR STATEMENTS

■ After being properly advised of his constitutional rights as required by Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), Payne made statements to postal inspectors with his attorney present. Because his attorney also represented others involved in the crimes and was himself under suspicion, Payne claims that he was denied effective representation of counsel and that, therefore, those prior statements should have been excluded from the trial. Payne's contention must be rejected for the reasons stated in United States v. Nystrom, 447 F.2d 1350, 1350–1351 (9th Cir.), cert. denied, 404 U.S. 993, 92 S.Ct. 542, 30 L.Ed.2d 545 (1971), where we said:

Appeal counsel has pointed to no evidence in the record of a conflict and this Court can find none. Appeal counsel has not shown that appellant's defense was in any way impaired by the joint representation and the record does not show it was. This Circuit has consistently held that in order to find that a defendant was denied effective assistance of counsel by virtue of a joint representation there must be a showing of a conflict of interest between the jointly represented defendants. (Citations omitted.)

Payne has failed to show any harm from his counsel's advice, nor has he shown that his counsel failed to give any needed advice.

1. United States v. Kelem, 416 F.2d 346 (9th Cir. 1969), cert. denied, 397 U.S. 952, 90 S.Ct. 977, 25 L.Ed.2d 134 (1970), involved an appeal taken by Payne's co-defendants in the case in which Payne pleaded guilty. That case resulted in the prior conviction which was offered. The appellate court discussed the modus operandi of Payne and his then cohorts who, as in the instant case, used time delays and phony credit to defraud their victims.

## SUFFICIENCY OF THE EVIDENCE

Payne's final contention is that the evidence was insufficient to support a finding of guilt. In reviewing the evidence in the light most favorable to the government, Moody v. United States, 376 F.2d 525, 527 (9th Cir. 1967); Thomas v. United States, 369 F.2d 372, 373 (9th Cir. 1966), we find ample evidence to sustain the convictions.

Affirmed.