485 F.2d 260
 UNITED STATES of America
v.
Anthony SALERNO et al.
Appeal of Howard SILVERMAN, in No. 73-1195.
Appeal of William SILVERMAN, in No. 73-1196.
Appeal of Angelo ROSSI, Jr., in No. 73-1197.
 Nos. 73-1195 to 73-1197.
 United States Court of Appeals,
Third Circuit.
 Argued Sept. 5, 1973.
Decided Sept. 25, 1973.
 
 Daniel H. Greenberg, New York City, for appellants in Nos. 73-1195 and 73-1196.
 Morris M. Goldings, and Robert A. Saggese, Mahoney, Atwood & Goldings, Boston, Mass., for appellant in No. 73-1197.
 Herbert J. Stern, U. S. Atty., and Richard S. Zackin, Asst. U. S. Atty., Newark, N. J., for appellee.
 Before HASTIE, VAN DUSEN and GIBBONS, Circuit Judges.
 OPINION OF THE COURT
 PER CURIAM:
 
 
 1
 These appeals challenge judgment and commitment orders of the district court entered after jury verdicts had been returned finding the defendants-appellants Rossi, H. Silverman and W. Silverman guilty on Count 1 of the indictment, charging conspiracy to transport stolen securities in interstate commerce in violation of 18 U.S.C. Sec. 371, and defendant-appellant Rossi guilty on various substantive counts (Counts 3, 6, 7, 8 and 9), charging the transportation of stolen securities in interstate commerce in violation of 18 U.S.C. Secs. 2 and 2314. After careful consideration of the contentions of defendants-appellants,[1] we have concluded that the record requires the affirmance of the judgments and commitments of the district court.[2]
 
 
 2
 Appellants contend, inter alia, that the evidence at trial was insufficient to prove that they were members of the overall, single conspiracy charged in the indictment in that the evidence established at most that they participated in separate, multiple conspiracies. In analyzing this contention, this court must view the evidence "in the light most favorable to the prosecution in order to sustain the convictions." United States v. DeCavalcante, 440 F.2d 1264, 1273 (3d Cir. 1971). The evidence at trial established that co-defendants Zelmanowitz, Green, Beckley and Salerno (all severed from the trial for various reasons) were at the core of a conspiracy formed to procure stolen securities of various types for subsequent sale to unsuspecting brokerage houses. Each of these individuals performed a specialized function in furtherance of the conspiracy. Green and Beckley were continuously pursuing stolen securities which, when found, were purchased and turned over to Zelmanowitz for resale after Salerno had checked out the reliability of the seller. The evidence further established, largely through the testimony of coconspirator Zelmanowitz, the Government's main witness, that defendant Rossi supplied the core group with stolen securities on two occasions and that appellants Silverman supplied the core group with counterfeit securities on one occasion.
 
 
 3
 Appellants Rossi and Silverman argue that they were not members of the overall conspiracy because they merely sold to a pre-existing conspiracy without knowledge of the members or scope of this conspiracy. The appellants rely upon the case of United States v. Falcone, 311 U.S. 205, 61 S.Ct. 204, 85 L. Ed. 128 (1940), in which the Supreme Court held that mere selling of materials to a conspiracy, even where the seller has knowledge that the materials sold would be used illegally, does not render the seller a participant in the conspiracy absent knowledge of the conspiracy itself. Subsequently, however, in Direct Sales Co. v. United States, 319 U.S. 703, 63 S.Ct. 1265, 87 L.Ed. 1674 (1943), the Supreme Court rejected the argument that one who sells articles used by a conspiracy cannot be found guilty of that conspiracy. The Court indicated that one who does sell to a conspirator with knowledge of the conspiracy can become a party to the conspiracy by aiding and abetting it. Id. at 709, 63 S.Ct. 1265. The district court properly charged on this permissible basis of guilt.
 
 
 4
 In the present case, there is ample evidence in the record to establish that appellant Rossi knowingly participated in the overall conspiracy. Rossi met with Zelmanowitz and Beckley on numerous occasions to discuss the sale of stolen securities, made two such sales to Zelmanowitz and Beckley, was expressly told that the securities would be resold by Zelmanowitz, and supplied Zelmanowitz with false identification in order to facilitate the resale. Similarly, there is ample evidence in the record indicating that appellants Silverman aided and abetted the conspiracy by selling to conspirators with full knowledge that they were dealing with a conspiracy. First, in negotiating and consummating the sale, they dealt directly with two members of the conspiracy, Zelmanowitz and Green. Second, they were clearly informed that Zelmanowitz and Green would deal only in securities which were not on any lists of stolen securities and that Zelmanowitz intended resale through a brokerage firm. Moreover, although they were paid immediately upon delivery of the securities to Zelmanowitz and Green, there was testimony indicating that their receipts would be a certain percentage of the proceeds realized upon resale by the core conspirators, thus linking the success of their venture to the success of the conspiracy's ultimate resale. The above was sufficient evidence upon which the jury could find that the Silvermans were members of the overall conspiracy.
 
 
 5
 Appellants also contend that the trial judge erred in refusing to instruct the jury that they should acquit appellants if they found separate conspiracies, rather than a single, overall conspiracy. An examination of the court's charge satisfies us that this claim is without merit. The court stressed in its charge that the Government alleged a single conspiracy and that the Government must show that each defendant was a "knowing part" of this conspiracy. Moreover, the trial judge carefully instructed the jury that in determining whether a particular defendant was a member of the alleged conspiracy, they should consider only his acts and statements for he could not be bound by the acts or declarations of other participants until it was established that a conspiracy existed and that he was a participant in it. The risk of guilt transference was thus properly minimized. See United States v. Morado, 454 F.2d 167, 172 (5th Cir.), cert. denied, 406 U.S. 917, 92 S.Ct. 1767, 32 L.Ed.2d 116 (1972); United States v. Calabro, 449 F.2d 885, 894 (2d Cir. 1971), cert. denied, 404 U.S. 1047, 92 S.Ct. 728, 30 L. Ed.2d 735, cert. denied, 405 U.S. 928, 92 S.Ct. 978, 30 L.Ed.2d 801 (1972); United States v. Aiken, 373 F.2d 294, 299 (2d Cir.), cert. denied, 389 U.S. 833, 88 S.Ct. 32, 19 L.Ed.2d 93 (1967).
 
 
 6
 Since we have found appellants' other contentions to be without merit, the district court judgment and commitment orders will be affirmed.
 
 
 
 [1]
 The court has considered and rejected the contentions of defendant Rossi (appellant in No. 73-1197) that:
 (a) he was prejudiced by the joinder of offenses and defendants for trial together, and the trial judge erred in denying the numerous motions for severance of the defendants made prior to trial;
 (b) the trial judge erred in denying defendants' application for mistrial subsequent to the severance of Anthony Salerno from the trial;
 (c) subsequent to the severance of Anthony Salerno, there was a change of the elements of the crime charged, which constituted an improper amendment to the indictment;
 (d) the trial judge erred in denying defendant's motion for an order setting aside the verdict of the jury as to Count 1 and for entry of a judgment of acquittal, as the evidence established, at best, that the defendant merely sold to a conspiracy, and was insufficient to warrant his conviction on the conspiracy count;
 (e) the trial judge erred in denying defendant's motion for an order setting aside the verdict and for entry of a judgment of acquittal as there was a variance between the indictment, which charged a single, overall conspiracy, and the proof, which, at best, established several separate and distinct conspiracies; and
 (f) the trial judge should have instructed the jury on multiple conspiracies.
 The court has also considered and rejected the contentions of defendants Howard and William Silverman (appellants in Nos. 73-1195 and 73-1196) that:
 (a) the totality of the circumstances of the case denied appellants substantial due process of law and a fair and impartial speedy trial, as mandated by the Fifth and Sixth Amendments to the Constitution;
 (b) it was prejudicial error for the trial judge to fail to instruct the jury, as requested by appellants, that the scope of the conspiracy count, as establishing one conspiracy or several, was for their determination;
 (c) the proof established as a matter of law that the appellants Silverman were not members of the conspiracy alleged in the indictment;
 (d) there was a material variance between the allegations of the conspiracy count and the proof submitted in support thereof, insofar as appellants Silverman are concerned; and
 (e) the failure to afford appellants a speedy trial violated their constitutional rights guaranteed by the Sixth Amendment to the Constitution.
 Each appellant also expressly adopted the arguments of his co-appellants. The court has considered and rejected each of the above arguments insofar as it relates to each appellant.
 
 
 [2]
 While the appeal in the present case was pending, the appellants filed a motion for remand to the district court so that the district court might pass upon a motion for a new trial based upon newly discovered evidence. This motion will be denied, since it is well-settled procedure that remand is proper only after the district court has ruled on such motion for a new trial. See United States v. Scott, 460 F.2d 45, 48 at n. 3 (3d Cir. 1972); United States v. Conway, 415 F.2d 158, 166 (3d Cir. 1969), cert. denied, 397 U.S. 994, 90 S.Ct. 1131, 25 L.Ed.2d 401 (1970); United States v. Frame, 454 F.2d 1136 (9th Cir.), cert. denied, 406 U.S. 925, 92 S.Ct. 1794, 32 L.Ed.2d 126 (1972)