**UNITED STATES of America,
Appellee,**

v.

**Edgar CHRISTOPHER, Jr., and Tommy
Gene Everidge, Appellants.**

**No. 73–2101.**

United States Court of Appeals,
Ninth Circuit.

Nov. 12, 1973.

Rehearing Denied Dec. 12, 1973.

Rubin Salter, Jr. (argued) of Kipps & Salter, Richard E. Bailey (argued), Tucson, Ariz., for appellants.

Wm. C. Smitherman, U. S. Atty., Daniel G. Knauss, Gerald S. Frank, Asst. U. S. Attys. (argued), Tucson, Ariz., for appellee.

OPINION

Before ALDRICH,* ELY and CHOY, Circuit Judges.

ELY, Circuit Judge:

Appellants Christopher and Everidge were convicted by a jury of knowing possession of heroin with the intent to distribute it and of the intentional distribution of the drug in violation of 21 U.S.C. § 841(a)(1). The convictions were based on three separate sales of heroin to a government narcotics agent. Both appellants now appeal on the ground that the District Court erred in refusing to instruct the jury on the defense of entrapment. Christopher appeals on three additional grounds: (1) the prosecution failed to establish a continuous chain of custody linking the heroin to him, (2) the conflicting interests of the defendants entitled Christopher to a separate attorney, and (3) counsel was incompetent.

The testimony established that Christopher was approached by an undercover agent who had information that Christopher was selling heroin. The agent asked Christopher if he, the agent, could purchase an ounce of heroin, and Christopher replied he would sell him an ounce for $900. The next day delivery was made to the agent by Christopher, and Christopher advised the agent he could handle any quantity of pure heroin needed by the agent. The two discussed the possibility of future sales. Approximately a week later, Christopher and the agent met with Everidge, and the agent bought an ounce and a half of heroin that Everidge had brought to the meeting. Everidge, Christopher, and the agent then discussed a future sale of a pound of pure heroin. For several weeks the agent kept in contact with the appellants to find out when the pound of heroin would be ready for purchase. Although at one point Everidge informed the agent that eight ounces were ready for sale, the agent told him that he preferred to buy the whole pound of heroin at one time. Subsequently, Christopher called the agent and informed him that he had three ounces of heroin for sale. The agent then met with Christopher and Everidge, who brought the heroin to the meeting. Shortly after the heroin had been weighed the arrest was made.

The appellants argue that they were entitled to a jury instruction on the issue of entrapment, because cross-examination of the agent at trial established that the agent, and not the defendants, initiated the contact for the sale of heroin. The appellants' theory is that any evidence, however slight, which places in issue the appellants' willingness to commit the crime, requires an instruction on entrapment be given to the jury. United States v. Henry, 417 F.2d 267, 269 (2d Cir. 1969); Notaro v. United States, 363 F.2d 169, 174–175 (9th Cir. 1966). However, in this case there is not a scintilla of evidence tending to show entrapment, i. e., that the appellants were unwilling to commit the crime or that the Government's deception planted the criminal design in the minds of the defendants. United States v. Russell, 411 U.S. 423, 93 S.Ct. 1637, 36 L.Ed.2d 366 (1973); Ortega v. United States, 348 F.2d 874, 876 (9th Cir. 1965). The *lone* fact that the government's agent, posing as a buyer, initially contacted the appellants is evidence only that the Government furnished the opportunity for the commission of a crime. The slight testimony which we have held

---

* Honorable Bailey Aldrich, Senior United States Circuit Judge, Boston, Massachusetts, sitting by designation.

allows the issue of entrapment to go to the jury must still constitute some evidence of inducement or persuasion by the Government.[1] Since we find there was no evidence of entrapment in this case, we need not reach the Government's alternative grounds to deny the entrapment instruction.

■ Christopher argues that the exhibits of heroin were erroneously admitted at trial. He contends that a continuous chain of custody linking himself to the heroin was not proved. This contention is also without merit. The exhibits were initialed by the agent at the time he received them, sent by registered mail to a government laboratory, and received and analyzed by a government chemist who also marked the exhibits. Both the agent and the chemist identified the exhibits and testified as to the standard procedures followed by the laboratory. The chemist testified that no one tampered with the evidence. Finally, and of most importance, is the fact that defense counsel did not object to the introduction of the exhibits.

■ Christopher also contends that there was such a conflict of interest between the defense counsel's two clients that he is entitled to a new trial. He argues that the trial court's failure to advise the co-defendants that they had a right to separate counsel and to inquiry into the possibility of a conflict of interest deprived him of effective assistance of counsel. In both of the cases cited by Christopher, Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942), and Campbell v. United States, 122 U.S.App.D.C. 143, 352 F.2d 359 (1965), a conflict of interest was clearly reflected in the record. Here, however, there is no showing that the defense was in any way impaired or prejudiced by the joint representation. This court has previously held that failure of a trial court to advise co-defendants that they have a right to separate counsel, absent a showing in the record of conflicting interests, is not reversible error. United States v. Nystrom, 447 F.2d 1350 (9th Cir. 1971); United States v. Payne, 474 F.2d 603 (9th Cir. 1973).

Nor does the record now before us reveal that defense counsel at trial was so incompetent that the trial was reduced to such a mockery that Christopher was deprived of his Sixth Amendment rights. United States v. Valenzuela-Mendoza, 452 F.2d 773 (9th Cir. 1971); Murgia v. United States, 448 F.2d 1275 (9th Cir. 1971).

Affirmed.

---

1. In Notaro v. United States, 363 F.2d 169, 174–175 (9th Cir. 1966) we stated that once "the issue of entrapment has fairly arisen" the defendant has met whatever burden rests on him. We further stated that that burden was insignificant, in that "if the defense of entrapment is claimed, a showing, however presented, that the commission of the offense was attended by the intervention of a government agent is sufficient." *Id.* at note 6. This language, written by the author of the present opinion, cannot be literally applied. The issue of entrapment has not arisen if government agents have merely attempted to make a contact for a "buy." The Government cannot be expected to wait for a call from narcotics dealers. Despite the broad language of the *Notaro* footnote, the evidence of government intervention which requires a jury instruction on entrapment must tend to show that the crime may have been induced by the Government.

A copy of this note, repudiating the literal language of footnote 6 in *Notaro*, has been submitted to all of the active judges of the court, and none has voiced objection thereto.