OPINION OF THE COURT
RENDELL, Circuit Judge.
William Hudgins was convicted of three counts of a six-count indictment for two separate armed robberies of the same business six weeks apart. The District Court originally sentenced him to 444 months’ imprisonment, but later revised the sentence to a within-Guidelines 384 months after the Probation Office notified the court it had erred in its Sentencing Guidelines range computation. Hudgins raises two issues on appeal: (1) whether the District Court properly denied his motion to sever Counts One and Two of the indictment from Counts Three through Six; and (2) whether the District Court imposed a reasonable sentence in light of the sentencing factors in 18 U.S.C. § 3553(a). We conclude that the District Court properly denied Hudgins’s motion to sever and that it imposed a reasonable sentence.
The grand jury’s indictment alleged six counts against Hudgins. Counts One and Two stem from Hudgins’s alleged aimed robbery of JM Films, 3621 North Broad Street, Philadelphia, in May, 2006.[1] The government alleges that on May, 18, 2006, Hudgins, acting alone, gained entrance to JM Films by telling the store’s clerk he was an acquaintance of co-defendant Leroy Fields. Once inside the store, Hudgins produced a handgun and ordered the clerk to give him the store’s money. Hudgins stole approximately $1,508 from the store, along with the clerk’s cell phone.
Counts Three through Six of the indictment stem from Hudgins’s and Fields’s alleged armed robbery of the same store in July, 2006.[2] The government alleges that Hudgins, this time with Fields and a third individual not apprehended, entered JM Films with a gun, beat the clerk with the gun, and bound the clerk’s hands. Officers arrived on the scene to find Hudgins and Fields rummaging through the store, arrested them both, and recovered the gun.
*152 Before trial, Hudgins filed a motion to sever the counts related to the two robberies. The District Court denied the motion, finding substantial similarity and connection between the May and July robberies, in accordance with Fed.R.Crim.P. 8(a), and no reasons why prejudice would result from joinder under Fed.R.Crim.P. 14. Fields pled guilty to all Counts against him and testified against Hudgins at his trial. The jury acquitted Hudgins of Counts One, Two and Six (the counts associated with the May robbery and the firearms possession count) and convicted him of Counts Three, Four and Five (the counts associated with the July robbery).
At Hudgins’s original sentencing hearing, he raised several objections with the court including ineffectiveness of counsel. The government argued for a within-Guidelines sentence, noting Hudgins’s pri- or history of preying on elderly victims, his multiple parole violations, and his repeated terms in state prison. The court then imposed a sentence of 444 months, at the bottom of the Guidelines range.
Before the District Court signed the judgment and commitment order, however, the Probation Office advised the court it had erred in its Guidelines range computation; the revised range was 360 months to life. Hudgins was granted a re-sentencing hearing, where the court heard from Hud-gins, his family members, and his counsel. Hudgins’s counsel asked for a sentence at the low end of the Guidelines. The court then imposed a within-Guidelines sentence of 384 months.
DISCUSSION
The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. This court has appellate jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We review the joinder of offenses under Rule 8(a) de novo. United States v. Irizarry, 341 F.3d 273, 287 (3d Cir.2003). We review the District Court’s denial of a motion for severance for an abuse of discretion. United States v. Hart, 273 F.3d 363, 369 (3d Cir.2001). We review the court’s sentence for reasonableness under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 128 S.Ct. 586, 594, 169 L.Ed.2d 445 (2007).
I. Severance
Hudgins first argues that joinder of the May and July robberies was improper because the permissible joinder grounds under Rule 8(a) were not present. The government argues that they were, noting that the two robberies were of similar character and that they were part of a common plan. Rule 8(a) states that:
The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged — whether felonies or misdemeanors or both — are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.
Fed.R.Crim.P. 8(a). The offenses need not be identical to be joined; it is sufficient if “each was committed in pursuit of the common scheme charged.” United States v. Scott, 326 F.Supp. 272, 276 (W.D.Pa. 1971), aff'd, 460 F.2d 45 (3d Cir.1972). Joinder is desirable at the trial level because it “promote[s] economy of judicial and prosecutorial resources.” United States v. Gorecki, 813 F.2d 40, 42 (3d Cir.1987).
We conclude that the offenses were substantially similar, a common plan existed between them and, therefore, that they were properly joined. All counts related to robberies of the same business, by the same defendant, even of the same clerk, merely six weeks apart. Hudgins targeted *153 the same establishment and used a handgun in both robberies. Indeed, the only substantial difference in the second robbery was Fields’s presence. Moreover, further proof of a common plan is evidenced by Hudgins’s use of Fields’s name to gain entrance to the store during the first robbery. This information was not contained in the indictment, but, in Rule 8 motions, courts may look beyond the indictment for information that clarifies factual connections between the counts. United States v. McGill, 964 F.2d 222, 242 (3d Cir.1992).
Alternatively, Hudgins argues that joining the offenses was an abuse of discretion by the District Court because joinder prejudiced him. Rule 14(a) states that “if the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants’ trials, or provide any other relief that justice requires.” Fed. R.Crim.P. 14(a). For joinder to be proper, a jury must reasonably be expected to compartmentalize the evidence from the separate offenses. United States v. Reicheiter, 647 F.2d 397, 400 (3d Cir.1981). Defendants bear a “heavy burden” in showing prejudice from joinder. United States v. Console, 13 F.3d 641, 655 (3d Cir.1993). They must demonstrate that joinder will result in a “manifestly unfair trial, beyond a mere showing that he would have had a better chance of acquittal with separate trials.” Government of Virgin Islands v. Sanes, 57 F.3d 338, 341-342 (3d Cir.1995) (internal quotations omitted).
Hudgins takes issue with joining the offenses because he wished to testify about the second robbery but not the first. In his brief, he alludes to prejudice resulting from joinder on these grounds. Ultimately, though, Hudgins’s own acquittal rebuts this. The District Court instructed the jury to consider each count separately and the jury returned a verdict that acquitted Hudgins of all counts for the first robbery, while convicting him of three of the four counts from the second robbery. This verdict demonstrates that the jury compartmentalized the evidence and separated the offenses. If Hudgins’s testimony concerning the second robbery had tainted the jury’s treatment of the first robbery, they would not have acquitted him of it. Concluding that there was prejudice, as Hud-gins’s brief does, ignores this reality.
Even had there been two trials, evidence from the first robbery could have been admitted in the second robbery trial as proof of plan and knowledge under Fed. R.Evid. 404(b). We have upheld denial of severance in more complex cases. See e.g., United States v. Thomas, 610 F.2d 1166, 1170 (3d Cir.1979) (holding severance unnecessary in a case involving 31 separate bank fraud charges); United States v. Catena, 500 F.2d 1319, 1325-26 (3d Cir. 1974) (finding no abuse of discretion in refusing to sever over 100 counts of medicare fraud). By contrast, this case is relatively simple: two defendants, two crimes, six counts. The District Court exercised its discretion to join the offenses properly and no “manifestly unfair” trial resulted.
II. Sentencing
Review of a district court’s sentence must first ensure the court committed no significant procedural error and then consider the sentence’s reasonableness. Gall v. United States, 552 U.S. 38, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). Hudgins argues his sentence was procedurally deficient because the District Court did not properly consider the § 3553(a) factors and that the court treated the Sentencing Guidelines as mandato *154 ry. The government argues that the court did consider the factors, albeit briefly, and, even so, a detailed consideration was not necessary as the court imposed a within-Guidelines sentence. The government does not address Hudgins’s argument that the court treated the Guidelines as mandatory, but our review shows no such treatment. Therefore, we hold that the court adequately considered the § 3553(a) factors.
Each § 3553(a) factor need not be explicitly addressed if the record demonstrates that the court took the factors into account, nor must a court consider arguments lacking merit. United States v. Lessner, 498 F.3d 185, 203 (3d Cir.2007). Moreover, “circumstances may well make clear that the judge rests his decision upon the [Sentencing] Commission’s own reasoning that the Guidelines sentence is ... proper.... ” Rita v. United States, 551 U.S. 338, 127 S.Ct. 2456, 2468, 168 L.Ed.2d 203 (2007). At Hudgins’s re-sentencing, after explicitly mentioning he would consider the 3553(a) factors, the District Court then referenced the violent nature of Hudgins’s crimes, his extensive criminal history, including multiple robberies of elderly victims, and the need to imprison him for a lengthy period of time to protect the public and rehabilitate him “for correctional reasons.” (App.65-66). The court then considered the recommended Guidelines range of 360 months to life for Hud-gins and imposed a sentence within that range. The court’s sentence, and our review of the record, indicate a sufficient consideration of the § 3553(a) factors.
Moreover, contrary to Hudgins’s position, the District Court did not treat the Guidelines as mandatory. In fact, the court went out of its way on the record to clarify the issue with the government’s attorney, who stated correctly that “the guidelines are a starting point ... [a]nd from there, the 3553 factors do have to be considered.” (App.43.) The court then imposed its sentence by weighing both the Guidelines and the 3553(a) factors, thus committing no procedural error.
The sentence was substantively reasonable, too. A district court is awarded broad sentencing discretion because of their superior access to the facts of each case. Gall, 128 S.Ct. at 597. A within-Guidelines sentence is more likely to be a reasonable one. United States v. Cooper, 437 F.3d 324, 331 (3d Cir.2006). Additionally, appellate courts generally respect the Guidelines, as they “reflect a rough approximation of sentences that might achieve § 3553(a)’s objectives.” Rita, 127 S.Ct. at 2468. There exist no persuasive reasons here not to accord the District Court this discretion.
Hudgins’s brief fails to rebut both the court’s consideration of the § 3553(a) factors and its reasonable imposition of a within-Guidelines sentence. The fact that Hudgins “only” stole purses and chains does nothing to lessen the fact that he stole them from weak and elderly victims and those unlikely to report crimes, not to mention the fact that Hudgins committed the present robberies using a handgun, and beat and bound a store clerk. In sum, Hudgins, as his counsel acknowledges, is a career offender. Our review of the record indicates that the District Court addressed Hudgins’s arguments at sentencing, adequately considered the § 3553(a) factors, and imposed a reasonable, within-Guidelines sentence.
For the reasons set forth above, we will AFFIRM the Order of the District Court.

. Count One charges Hudgins with interference in interstate commerce by robbery (18 U.S.C. § 1951(a)) and Count Two with using and carrying a firearm during a crime of violence (18 U.S.C. § 924(c)(1)(A)(ii)).

. Counts Three through Six, respectively, charge Hudgins and Fields with conspiracy to interfere with interstate commerce by robbery (18 U.S.C. § 1951(a)), interference with interstate commerce by robbery (18 U.S.C. § 1951(a)), using and carrying a firearm during a crime of violence (18 U.S.C. § 924(c)(1)(A)(ii)), and possession of a firearm by a convicted felon (18 U.S.C. §§ 922(g)(1), 924(e)).