NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 26 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   21-50282 |
| Plaintiff-Appellee, | D.C. No. 3:12-cr-00236-GPC-6 |
| v. | |
| FRANCISCO GUTIERREZ, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Gonzalo P. Curiel, District Judge, Presiding

Submitted March 8, 2023[**]
Pasadena, California

Before:  KLEINFELD, WATFORD, and COLLINS, Circuit Judges.

Francisco Gutierrez challenges his 155-month sentence for conspiracy to

conduct enterprise affairs through a pattern of racketeering activity.  We affirm.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

**1.** In Gutierrez's last appeal, we held that the district court did not plainly err by declining to merge the extortion and aggravated assault groups under U.S.S.G. § 3D1.2(c) because the groups and their specific offense characteristics were not substantially identical. *United States v. Gutierrez*, 843 F. App'x 60, 62–63 (9th Cir. 2021). Under the law of the case, we are "generally precluded from reconsidering an issue that has already been decided by [our] court . . . in the identical case." *Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir. 1993).

Gutierrez argues that the law of the case does not apply here because his claim was previously denied on plain error review, whereas he preserved the issue at his most recent resentencing. But no aspect of the prior decision placed any weight on the "plain error" standard of review. The decision in the previous appeal was, in effect, a decision that "there was no error, plain or otherwise." *United States v. Payne*, 474 F.2d 603, 604 (9th Cir. 1973). Thus, the law of the case applies.

**2.** In Gutierrez's last appeal, we also held that the district court did not abuse its discretion by adding a three-level enhancement to the extortion group for preparation to inflict "serious bodily injury" under U.S.S.G. § 2B3.2(b)(3)(B)(i)(II). *Gutierrez*, 843 F. App'x at 62. The law of the case is equally controlling with respect to this claim.

Gutierrez argues that the law of the case does not apply because his claim was previously denied under a preponderance-of-the-evidence standard of proof, whereas the correct standard of proof is clear and convincing evidence. We agree with the district court's determination that the correct standard of proof is preponderance of the evidence. Our court uses a six-factor test to determine whether a clear-and-convincing standard is appropriate. *United States v. Barragan*, 871 F.3d 689, 717–18 (9th Cir. 2017). Here, the two most important factors favor the preponderance-of-the-evidence standard. *See United States v. Valle*, 940 F.3d 473, 479 (9th Cir. 2019).

First, even assuming the district court should have merged the extortion and aggravated assault groups, the cumulative effect of the disputed enhancements amounts to a four-level increase in Gutierrez's combined offense level, so the "increase in the number of offense levels is less than or equal to four." *Barragan*, 871 F.3d at 718. Second, the challenged enhancements do not "double[] the length of the sentence . . . in a case where the defendant would otherwise have received a relatively short sentence." *Id.* Without the disputed enhancements, Gutierrez's offense level would have been 25 and the Guidelines range in his case would have been 110–137 months, instead of the 155–188 month range the court found after applying the disputed enhancements.

Because we hold that the appropriate standard of proof is preponderance of the evidence, the issue Gutierrez now raises is identical to the issue that he previously raised before our court, and the law of the case controls.

**3.**  The district court did not abuse its discretion in adding a two-level enhancement to the drug distribution/money laundering group for aggravated role under U.S.S.G. § 3B1.1(c).  It was not illogical or implausible for the district court to find that Gutierrez's call to his brother, in which Gutierrez directed his brother to send heroin to a fellow gang member, demonstrated "organizational authority." *United States v. Harris*, 999 F.3d 1233, 1235 n.1 (9th Cir. 2021).[1]  Moreover, the error Gutierrez alleges would be harmless.  Even without the role adjustment to the drug distribution/money laundering group at issue, the resulting Guidelines range would be the same: 151–188 months.  *See* U.S.S.G. § 3D1.4.

**AFFIRMED.**

---

[1] For the reasons discussed above, the relevant standard of proof with respect to this enhancement is also preponderance of the evidence.