963 F.2d 380
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
RAY HOUSTON, Defendant-Appellant.
 No. 91-50077.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 5, 1992.*
Decided May 13, 1992.
 
 1
 Before JAMES R. BROWNING and FARRIS, Circuit Judges, and CAULFIELD,** District Judge.
 
 
 2
 MEMORANDUM***
 
 1. Webb's prior bad acts and conviction
 
 3
 The district court did not abuse its discretion in ruling that Webb's prior drug use was not admissible to impeach Webb's testimony. Fed.R.Evid. 608(b) permits cross-examination regarding prior bad acts "in the discretion of the court, if probative of truthfulness or untruthfulness." Webb's drug use is not probative of truthfulness or untruthfulness. See Jack B. Weinstein & Margaret A. Berger, Weinstein's Evidence p 608, at 608-46 (1988) (subject behavior includes "forgery, income tax frauds including bribery, bankruptcy fraud, making false statements ... and perjury and false swearing"). It therefore was no abuse of discretion to deny admission of Webb's prior drug use to impeach his testimony.
 
 
 4
 It was not error to deny admission of Webb's prior drug use under Fed.R.Evid. 404(b) to demonstrate Webb's motive to lie, bias, and self-interest. There was no offer of proof that Webb testified against Houston to gain lenient treatment regarding any existing or anticipated drug charges. See United States v. Noti, 731 F.2d 610, 613 (9th Cir.1984). The district court could properly conclude that the evidence went only to Webb's credibility and was inadmissible under Rule 608(b). See id. Houston's Confrontation Clause argument therefore fails. See Delaware v. Van Arsdall, 475 U.S. 673, 680 (1986) (defendant must be "prohibited from engaging in otherwise appropriate cross-examination").
 
 
 5
 The district court should not have excluded Webb's participation in a scheme to steal checks. A defendant should be given wide latitude in cross-examining key prosecution witnesses. See United States v. Uramoto, 638 F.2d 84, 86 (9th Cir.1980). Houston argues, and the United States does not deny, that Webb became an informant after he was investigated for the unlawful conduct. The excluded evidence was therefore admissible under Rule 404(b) as evidence of motive or self-interest.
 
 
 6
 The error was harmless beyond a reasonable doubt. See Van Arsdall, 475 U.S. at 681. Cross-examination of Webb revealed that he earned $300 as an informant in this case and more than $30,000 as an informant in other cases. The jury was provided sufficient information to assess any potential bias or self-interest. Houston argues that the excluded evidence also supported his entrapment defense. We understand Houston's argument, but, under Rule 404(b), Webb's past participation in a check stealing scheme cannot be admitted to show that he similarly participated in the conduct for which Houston was charged.
 
 
 7
 The district court did not abuse its discretion in excluding Webb's 1975 misdemeanor conviction for dissuading a witness from testifying. Fed. R. Evid. 609(b) requires that "the probative value of the conviction supported by specific facts and circumstances substantially outweigh[] its prejudicial effect." The probative value of Webb's prior conviction is negligible at most. On the other hand, the conviction could have prejudiced the government's case if the jury overestimated its significance. Rule 609(b) applies to government as well as defense witnesses. See United States v. Cook, 608 F.2d 1175, 1182 (9th Cir. 1979) (en banc), cert. denied, 444 U.S. 1034 (1980).
 
 2. Houston's prior conviction and bad acts
 
 8
 Houston argues that, in admitting his prior conviction for possession with intent to distribute a controlled substance, the district court failed to apply the five-part test set forth in United States v. Perkins, 937 F.2d 1397, 1406 (9th Cir. 1991). No case law suggests that the Perkins test is mandatory. The test merely is intended to guide appellate revies. Cf. Ayers, 924 F.2d at 1473 (similar test regarding prior bad acts admitted under Rule 404(b) applied on review "to determine whether avidence was properly admitted").
 
 
 9
 Each of the Perkins factors supports the district court's ruling. The conviction was relatively recent and directly impeached Houston's testimony that he was entrapped. The underlying crime also is sufficiently dissimilar to the crime charged. Houston argues that the crime must be similar to the crime charged, but this is true only when the prior crime is offered as evidence of predisposition under Rule 404(b). See United States v. Barry, 814 F.2d 1400, 1404 (9th Cir.1987). When a prior conviction is offered to attack credibility under Rule 609(a), the crime that is the basis of that conviction must be dissimilar to the crime charged. See United States v. Browne, 829 F.2d 760, 763 (9th Cir.1987), cert. denied, 485 U.S. 991 (1988). Finally, Houston's uncorroborated testimony was the only evidence of entrapment. The court could properly admit the evidence to impeach Houston's testimony that he was not predisposed to sell stolen treasury checks.
 
 
 10
 The district court also could properly allow the United States to cross-examine Houston regarding the Taylor check. Houston argues that there was not sufficient evidence that he sold the Taylor check. Under Huddleston v. United States, 485 U.S. 681, 682 (1988), there need only be sufficent evidence for the jury to find that Houston committed the other acts. Webb testified that he met Houston and purchased the Taylor check for $150 upon receipt and $150 by the end of the day. the jury could reasonably conclude that houston sold the Taylor check.
 
 
 11
 3. Houston's post-arrest statements and subsequent bad acts
 
 
 12
 The district court did not err in admitting Houston's post-arrest statements to impeach Houston's testimony that he had not previously cashed stolen checks. A defendant may be impeached with an inadmissible confession if the confession was voluntary. See Cooper v. Dupnik, 924 F.2d 1520, 1527 (9th Cir. 1991), reh'g granted, 933 F.wd 798 (1991). Scott's promise to inform the U.S. Attorney of Houston's willingness to provide the names of persons involved in cashing stolen checks does not render his statements involuntary. See United States v. Leon Guerrero, 847 F.2d 1363, 1366 (9th Cir. 1988).
 
 
 13
 The district court's rulings also can be affirmed on broader grounds. In Minnick v. Mississippi, 111 S.Ct. 486, 492 (1990), the Court stated that " Edwards v. Arizona, 451 U.S. 477 (1985), does not foreclose finding a waiver of Fifth Amendment protections after counsel has been requested, provided the accused has initiated the conversation or discussions with the authorities." While still in custody, Houston telephoned Scott and revealed the names of several individuals. Houston waived his Fifth Amendment rights by reinitiating communication with Scott. the June 9, 1990, arrest for possession of a stolen money order therefore was not discovered through improper interrogation. further, any error in admitting the statement made while in custody is harmless. See Arizona v. Fulminante, 111 S.Ct. 1246, 1265 (1991).
 
 4. Houston's motion for continuance
 
 14
 The district court did not abuse its discretion in denying Houston's request for a continuance. Houston was injured on August 14, 1990, but did not move for a continuance until his trial commenced on October 23, 1990. A continuance at this late date certainly would have inconvenienced the court and opposing counsel. See United States v. Tham, 948 F.2d 1107, 1112 (9th Cir.1991) (discussing factors applied on review). Houston also has failed to show prejudice. See id. (denial must result in actual prejudice to defense). Finally, rather than focusing on the factors set forth in Tham, Houston argues that the district court abused its discretion by failing to exercise its discretion. Houston's argument confuses the test applied on appeal with the initial exercise of discretion. See id. (balancing test used to "find an abuse of discretion").
 
 
 15
 AFFIRMED.
 
 
 
 *
 Pursuant to Ninth Circuit Rule 34-4, the panel unanimously finds this case suitable for disposition without oral argument
 
 
 **
 Honorable Barbara A. Caulfield, United States District Judge for the Northern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3