**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Ralph Allan BARRY,
Defendant-Appellant.**

**No. 86–5137.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 7, 1987.

Decided April 16, 1987.

Thomas Hagemann, Los Angeles, Cal., for plaintiff-appellee.

Rodney Perlman, Los Angeles, Cal., for defendant-appellant.

Before KENNEDY and POOLE, Circuit Judges, and SCHWARZER,* District Judge.

SCHWARZER, District Judge:

Appellant was convicted by a jury of six counts of unauthorized sale of government property in violation of 18 U.S.C. § 641. In this appeal he contends that the trial court committed reversible error in rejecting his offer of certain evidence. We hold that the rulings below were not reversible error and affirm.

## BACKGROUND

Appellant, while a lieutenant in the security patrol at the United States Naval Weapons Station at Seal Beach, California, made six unauthorized sales of government property. At the trial he asserted that he was entrapped by a fellow officer in the security patrol who had been cooperating with the Federal Bureau of Investigation. At appellant's request, the trial court gave the jury an instruction on entrapment, the sufficiency of which is not challenged on this appeal.

The trial court did, however, exclude evidence which, appellant argues, supported his entrapment defense. Specifically, the court excluded two letters of commendation written by government officials in 1974, a copy of his FBI rap sheet offered to show that appellant's only other arrest ended in dismissal of the charges, and the testimony of an FBI agent as to the contents of the rap sheet. The trial court excluded the letters and rap sheet for lack of relevance and the FBI agent's testimony as hearsay. These rulings are the subject of the present appeal.

## DISCUSSION

The trial court has broad discretion in determining the admissibility of evidence. Its determination will not be overturned absent an abuse of discretion. *United States v. Kennedy,* 714 F.2d 968, 974 (9th

Cir.1983), *cert. denied,* 465 U.S. 1034, 104 S.Ct. 1305, 79 L.Ed.2d 704 (1984).

Appellant contends that the trial court's ruling denied him "the opportunity to present essential evidence weighing upon his lack of predisposition as a foundation for his defense of entrapment." This argument misconstrues the elements of the entrapment defense and the allocation and means of their proof.

■ The defense of entrapment has two elements: (1) the defendant was induced to commit the crime by a government agent, and (2) he was not otherwise predisposed to commit the crime. *United States v. Busby,* 780 F.2d 804, 806 (9th Cir.1986); *United States v. Rhodes,* 713 F.2d 463, 467 (9th Cir.), *cert. denied,* 464 U.S. 1012, 104 S.Ct. 535, 78 L.Ed.2d 715 (1983); *United States v. Shapiro,* 669 F.2d 593, 597 (9th Cir. 1982). The principal element in the defense of entrapment is the defendant's predisposition to commit the crime. *United States v. Russell,* 411 U.S. 423, 443, 93 S.Ct. 1637, 1648, 36 L.Ed.2d 366 (1973); *Shapiro,* 669 F.2d at 597.

A defendant is entitled to an entrapment instruction if the evidence presents a genuine dispute as to whether defendant was entrapped, thus raising a factual issue for the jury. *United States v. Glaeser,* 550 F.2d 483, 487 (9th Cir.1977). As we said in *United States v. Brandon,* 633 F.2d 773 (9th Cir.1980),

The defense of entrapment must be submitted to the jury when the evidence presents issues of fact that there was inducement of the defendant by a Government agent to commit the acts charged, and that the defendant was not predisposed to commit the offense "at any propitious opportunity." *United States v. Payseur,* 501 F.2d 966, 970–71 (9th Cir.1974); *United States v. Christopher,* 488 F.2d 849, 850–51 (9th Cir.1973).

■ Appellant erroneously suggests that under *Busby* he carries the burden of proving his entrapment. Language used in some cases has suggested that, to be enti-

* Honorable William W. Schwarzer, United States District Judge, Northern District of California, sitting by designation.

tled to an entrapment instruction, a defendant may bear a burden to come forward with evidence. *See e.g., United States v. Rhodes*, 713 F.2d at 467.[1] But it is clear in this circuit that the trial judge must give the instruction if there is some evidence of government inducement,[2] regardless of who produced that evidence. In *United States v. Demma*, 523 F.2d 981 (9th Cir. 1975) (en banc) we overruled the *Eastman* rule, *Eastman v. United States*, 212 F.2d 320 (9th Cir.1954), requiring a defendant to admit the crime charged in order to claim entrapment. We there explained the operation of the entrapment defense as follows:

> If a defendant declines to testify at trial and otherwise refuses to comment on the crime charged, then he has not denied the crime. Entrapment may nonetheless become an issue at his trial if (1) the Government's case-in-chief suggests that the defendant who was not predisposed was induced to commit the crime charged, or (2) a defense or a government witness gives evidence suggesting entrapment ... At the close of a case in such a posture, defense counsel may and, indeed, he should argue to the jury that (1) the Government has not proved beyond a reasonable doubt that the defendant committed the crime charged, and (2) if the Government has so proved, then the Government has not proved beyond a reasonable doubt that the acts charged were nonentrapped.

*Id.* at 984. *Cf. Brandon; United States v. Fleishman*, 684 F.2d 1329, 1342 (9th Cir.), *cert. denied*, 459 U.S. 1044, 103 S.Ct. 464, 74 L.Ed.2d 614 (1982); *United States v. Diggs*, 649 F.2d 731, 738 (9th Cir.1981); *United States v. Glaeser*, 550 F.2d at 486–7; *United States v. Ratcliffe*, 550 F.2d 431, 434 (9th Cir.1976); *United States v. Payseur*, 501 F.2d 966, 970–71 (9th Cir.1974); *United States v. Glassel*, 488 F.2d 143, 146 (9th Cir.1973); *United States v. Christopher*, 488 F.2d 849, 850 (9th Cir.1973).

Once the trial court determines to submit the entrapment defense to the jury, the burden is on the government to prove beyond a reasonable doubt that the defendant committed the crime not as a result of having been induced by the government but as a result of his predisposition to do so. *United States v. Dearmore*, 672 F.2d 738, 740 (9th Cir.1982); *United States v. Hermosillo-Nanez*, 545 F.2d 1230, 1232 (9th Cir.1976), *cert. denied*, 429 U.S. 1050, 97 S.Ct. 763, 50 L.Ed.2d 767 (1977).

■ There is nothing in the procedure of the entrapment defense which creates a right in the defendant, directly or by inference, to offer any particular evidence. Nor does the substance of the defense create such a right. We have said that there are

> ... five factors to consider when determining predisposition: (1) the character or reputation of the defendant; (2) whether the government made the initial suggestion of criminal activity; (3) whether the defendant engaged in the activity for profit; (4) whether the defendant showed any reluctance; and (5) the nature of the government's inducement.

*United States v. So*, 755 F.2d 1350, 1354 (9th Cir.1985). *Busby*, 780 F.2d at 807. But the admissibility of evidence offered as bearing on any of these factors is governed by the Federal Rules of Evidence. Because appellant objected to the trial court's exclusion of evidence he claims to be probative of his lack of predisposition, we must consider whether this evidence was admissible under the Federal Rules.

A defendant may offer evidence of "a pertinent trait of his character" under Rule

---

**1.** Indeed, the Second Circuit imposes on the defendant the initial burden of proving government inducement by a preponderance of the evidence. *United States v. Steinberg*, 551 F.2d 510 (2d Cir.1977). The Fifth Circuit appears to place the burden on the defendant to produce some evidence of government inducement and lack of predisposition, but the quantum of evidence required to meet that burden remains in doubt. *United States v. Leon*, 679 F.2d 534 (5th Cir.1982). The District of Columbia has approved an instruction that appears to require a defendant to "convinc[e] the jury that there is some evidence of government 'inducement'." *United States v. Burkley*, 591 F.2d 903, 914 (D.C. Cir.1978) (emphasis in original) (footnote omitted).

**2.** Inducement requires more than mere suggestion or solicitation by a government agent. *United States v. Reynoso-Ulloa*, 548 F.2d 1329, 1336 (9th Cir.1977).

404(a)(1);[3] this evidence may take the form of testimony as to reputation under Rules 405(a)[4] and 803(21)[5] or of opinion testimony under Rule 405(a). Thus, appellant could have offered the testimony of character witnesses on the subject of his general reputation as a law-abiding citizen. *See, e.g., United States v. Darland,* 626 F.2d 1235, 1237 (5th Cir.1980), *appeal after remand,* 659 F.2d 70 (5th Cir.1981), *cert. denied,* 454 U.S. 1157, 102 S.Ct. 1032, 71 L.Ed.2d 315 (1982) (testimony of character witness as to defendant's reputation as a law-abiding citizen is admissible if relevant to the offense charged). The excluded evidence, however, did not qualify under Rules 404(a)(1), 405(a) or 803(21).

**3.** Federal Rule of Evidence 404 provides in relevant part:
Rule 404. Character Evidence not Admissible to Prove Conduct; Exceptions; Other Crimes
    (a) Character evidence generally. Evidence of a person's character or a trait of his character is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion, except:
        (1) Character of accused. Evidence of a pertinent trait of his character offered by an accused, or by the prosecution to rebut the same; ...
    (b) Other crimes, wrongs, or acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

**4.** Federal Rule of Evidence 405 provides:
Rule 405. Methods of Proving Character
    (a) Reputation or opinion. In all cases in which evidence of character or a trait of character of a person is admissible, proof may be made by testimony as to reputation or by testimony in the form of an opinion. On cross-examination, inquiry is allowable into relevant specific instances of conduct.
    (b) Specific instances of conduct. In cases in which character or a trait of character of a person is an essential element of a charge, claim, or defense, proof may also be made of specific instances of his conduct.

**5.** Federal Rule of Evidence 803(21) excepts from the hearsay exclusion "[r]eputation of a person's character among his associates or in the community."

**6.** Rule 405(b) allows proof of specific instances of conduct "[i]n cases in which character or a trait of character of a person is an essential element of a charge, claim, or defense." The issue then is whether appellant's character is an

[T]estimony as to the lack of prior bad acts is, in essence, testimony as to multiple instances of good conduct, and its admission would appear to violate a strict reading of Rule 405(a). In addition, this kind of testimony is generally less probative of good character than general reputation or opinion evidence, for one's good reputation presumably reflects not only the absence of specific bad acts, but also one's good acts and general public conduct.

*Government of Virgin Islands v. Grant,* 775 F.2d 508, 512 (3rd Cir.1985). The most that could be said of defendant's proffered evidence was that it related to prior acts; as such, its admission is governed by Rules 404(b) and 405(b).[6]

"essential element" of the entrapment defense. In *United States v. Donoho,* 575 F.2d 718, *vacated,* 439 U.S. 811, 99 S.Ct. 68, 58 L.Ed.2d 102, *on remand,* 586 F.2d 682 (9th Cir.1978) we held that although a defendant's character may be probative of his state of mind or predisposition, it is his state of mind, not his character, which is the essential element of the entrapment defense. 575 F.2d at 720. The Supreme Court vacated and remanded for "further consideration in light of the position asserted by the Solicitor General in his memorandum." 439 U.S. 811, 99 S.Ct. 68, 58 L.Ed.2d 102 (1978). That memorandum suggested that the term "predisposition" "embraces the defendant's 'character' as well as his immediate intentions ...[A] defendant's character, or a specific trait of his character, is 'an essential element' of the defense, and ... evidence of specific relevant instances of conduct is therefore admissible under Rule 405(b)." Brief for the United States at 7, *United States v. Donoho,* 439 U.S. 811, 99 S.Ct. 68, 58 L.Ed.2d 102 (1978) ("Brief for the United States"). *Contra United States v. Webster,* 649 F.2d 346, 350 (5th Cir.1981) (en banc) ("... predisposition is a state of mind, not a character trait").

Since *Donoho* this circuit has not reached the question whether character is an "element" of the entrapment defense so that evidence of specific acts is admissible to show character under Rule 405(b). Nor, for reasons that follow, need we reach that question now.

The Solicitor General's memorandum went on to argue that, in any event, evidence of specific prior acts is admissible under Rule 404(b) to prove intent or state of mind, if relevant and not unduly prejudicial. Specific acts of good conduct may be relevant to show lack of predisposition, although such evidence must be carefully scrutinized to determine whether it "bears[s] meaningfully on the defendant's lack of a criminal disposition at the time of the government's inducement." Brief for the United States at 7–9.

Evidence of prior acts, whether offered under Rule 404(b) or 405(b) by the prosecution or by the defense, must be sufficiently related and proximate in time to the crime charged to be relevant under Rule 403. *See, e.g., United States v. Hooten,* 662 F.2d 628, 634–35 (9th Cir.1981), *cert. denied,* 455 U.S. 1004, 102 S.Ct. 1640, 71 L.Ed.2d 873 (1982) (Rule 404(b)) *and United States v. Russell,* 703 F.2d 1243, 1249 (11th Cir.1983) (Rule 405(b)). Moreover, such evidence must be offered in a form admissible under the Federal Rules. Therefore, even if appellant may rely on Rule 404(b) or 405(b) to introduce evidence of specific prior good acts in support of his entrapment defense, that evidence must meet the standard of relevance and conform to the hearsay rule.

The offered evidence failed on both counts. The letters of commendation were hearsay, and, having been written twelve years before the crime occurred, had no bearing on appellant's state of mind at the time he committed the offense. The rap sheet and FBI testimony were also hearsay.[7] In addition, the trial court acted within its discretion in concluding that this general evidence of an absence of criminal conduct was not probative of appellant's state of mind at the time he committed the crime.

We conclude that the district court did not abuse its discretion in excluding appellant's evidence.

The judgment is affirmed.

---

The Solicitor General argued that some of the evidence of prior conduct offered by the defendant was close in time and similar in nature to the charged crime and bore meaningfully on the defendant's lack of predisposition.

This circuit has held that proof of specific acts of prior illegal conduct offered under Rule 404(b) may be relevant to the issue of a defendant's predisposition to commit a crime. *United States v. Diggs,* 649 F.2d 731, 737 (9th Cir.1981); *United States v. Segovia,* 576 F.2d 251, 252 (9th Cir.1978). We have not, however, squarely decided whether Rule 404(b) also applies to proof of prior good acts offered by a defendant in support of the entrapment defense, and it is not necessary to decide it here.

7. Rap sheets "have never been allowed as evidence of a conviction ... [They] are not based on first-hand knowledge of the matters being recorded; only the court where the conviction occurred has such knowledge." *United States v. Perlmuter,* 693 F.2d 1290, 1295–96 (9th Cir.1982) (Ferguson, J., concurring).