912 F.2d 470
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 UNITED STATES of America, Plaintiff-Appellee,
v.
Fernando ALVARADO-GONZALEZ, Defendant-Appellant.
 No. 90-50014
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 14, 1990.*
Decided Aug. 28, 1990.
 MEMORANDUM**
 Before WALLACE, ALARCON and WIGGINS, Circuit Judges.
 
 
 1
 Fernando Alvarado-Gonzalez appeals the district court's pretrial ruling excluding as irrelevant evidence of a third party's "other acts". We have jurisdiction over this appeal under 28 U.S.C. Sec. 1291 (1988). We review the district court's conclusions regarding the admissibility of evidence for an abuse of discretion. United States v. Barry, 814 F.2d 1400, 1401 (9th Cir.1987). We affirm.
 
 
 2
 Alvarado-Gonzalez was indicted for conspiracy to import and importing two hundred kilograms of cocaine, and conspiracy to possess with intent to distribute two hundred kilograms of cocaine. The basis for these charges was that Alvarado-Gonzalez and another person attempted to enter the United States from Mexico in a vehicle containing two hundred ten kilograms of cocaine in a secret compartment.
 
 
 3
 At trial, Alvarado-Gonzalez's defense was that he had no knowledge of the cocaine in the vehicle. In his opening statement, defense counsel asserted that Alvarado-Gonzalez was tricked into driving across the border in a vehicle that he did not know contained cocaine. Defense counsel portrayed Alfonso Gonzalez-Navarro, the undisputed source of the cocaine, as a ruthless drug smuggler who had set up Alvarado-Gonzalez as a "blind mule."
 
 
 4
 In support of this defense, counsel sought to call Oscar Polanco as a witness. Counsel alleged that Polanco would testify that some ten months earlier Gonzalez-Navarro had borrowed Polanco's tractor trailer to smuggle marijuana into the United States from Mexico and that Polanco did not know about the marijuana. At an admissibility hearing, defense counsel contended that this evidence tended to show Gonzalez-Navarro's modus operandi of deceptively using vehicles to import drugs into the United States, which corroborated his client's defense of lack of knowledge.
 
 
 5
 We find that the district court did not abuse its discretion in concluding that the evidence which Alvarado-Gonzalez sought to introduce was irrelevant. Alvarado-Gonzalez's defense was that Gonzalez-Navarro tricked him into driving across the border in a vehicle which contained drugs. Yet, the Polanco testimony concerns Gonzalez-Navarro's procurement of a smuggling vehicle; it sheds no light on how Gonzalez-Navarro normally recruits "mules" to smuggle drugs into the United States. Indeed, Alvarado-Gonzalez admits that he is unaware whether Gonzalez-Navarro informed the person who drove Polanco's trailer into the United States that it contained marijuana. Thus, the Polanco testimony is irrelevant because it has no tendency to establish the truth of Alvarado-Gonzalez's defense that he was tricked into smuggling cocaine into the United States.
 
 
 6
 The judgment of the district court is affirmed.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3