990 F.2d 1265
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Bernardo VALENCIA, Defendant-Appellant.
 No. 91-50585.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 9, 1992.*
Decided March 23, 1993.
As Amended April 5, 1993.
 
 Before D.W. NELSON, REINHARDT and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Bernardo Valencia was arrested in February, 1991, while delivering twenty-five kilograms of cocaine to undercover Drug Enforcement Agency (DEA) agents. The arrest was the culmination of a four-month DEA investigation that had been initiated at the suggestion of, and pursued with the assistance of, a DEA informant. Valencia was found guilty of one count of conspiracy to possess cocaine with the intent to distribute it. We affirm his conviction and remand for the limited purpose described below.
 
 
 3
 I. Jury Instructions.
 
 
 4
 At trial, Valencia admitted that he had been involved in cocaine distribution prior to 1985, and that he had engaged in the transaction that led to his arrest. He presented an entrapment defense, claiming that for the six-and-a-half years prior to his arrest, he had not trafficked in illegal drugs, and that he would not have engaged in the transaction that led to his arrest but for the pressure of severe financial difficulties and the persistent persuasion of the DEA informant, who had become a close friend. On appeal, Valencia contends that the district court erred in refusing to instruct the jury on his theory of defense, which he terms "lapsed predisposition." At trial, Valencia offered instructions which were in essence variations on the traditional entrapment instruction.[1] Following his submission of the instructions, the court drafted an entrapment instruction of its own, proposed it to the parties, and asked Valencia if he had an objection.[2] Valencia said he had none. Therefore, we review the court's instruction for plain error. United States v. Boone, 951 F.2d 1526, 1541 (9th Cir.1991).
 
 
 5
 The instruction the district court gave was a clear and accurate statement of the defense of entrapment and of the elements the jury should consider regarding the predisposition of the defendant. See United States v. Smith, 924 F.2d 889, 898 (9th Cir.1991); United States v. Barry, 814 F.2d 1400, 1402 (9th Cir.1987). Although it was not as detailed as Valencia's instructions, it was substantially similar to them. A court has no duty to give an instruction in the form suggested by the defendant as long as adequate instructions are given. United States v. Chen, 933 F.2d 793, 796 (9th Cir.1991). There was no error.
 
 
 6
 II. Vouching.
 
 
 7
 Valencia contends that the government, through the testimony of a DEA agent, Chuck Jones, improperly vouched for the reliability of the informant, John Armand. Prosecutorial vouching occurs when the prosecutor either places the "prestige of the government behind the witness through personal assurances of the witness's veracity," or suggests that information not presented to the jury supports the witness's testimony. United States v. Wallace, 848 F.2d 1464, 1473 (9th Cir.1988).
 
 
 8
 Valencia objected at trial to a number of the comments and questions regarding Armand that he now argues constituted prosecutorial vouching, but his trial objections were not based upon a vouching claim. This raises the issue whether to review the complained-of conduct for plain error, United States v. Wallace, id., or to determine "whether, considered in the context of the entire trial, [it] appears likely to have affected the jury's discharge of its duty to judge the evidence fairly," United States v. Simtob, 901 F.2d 799, 806 (9th Cir.1990). We need not resolve this issue, however, because, even under the less stringent standard, Valencia's argument fails.
 
 
 9
 Armand, the informant, was not called to testify by either the defense or the prosecution. The government based its case on Valencia's meetings with the DEA agents, on the fact that Valencia twice delivered samples of cocaine to Agent Jones and his colleague, and on Valencia's acts in arranging the final delivery of cocaine. No authority applies the prohibition on prosecutorial vouching to a non-witness. Even if we were to extend the rationale against prosecutorial vouching to encompass representations about the credibility of a source who assisted the prosecution, Valencia's contention would fail. Nothing in the statements cited by Valencia constitutes an assurance regarding Armand's credibility.
 
 
 10
 III. Prosecutorial Misconduct.
 
 
 11
 Valencia contends that, in the course of cross-examining him and making her closing argument, the prosecutor implied that she possessed special knowledge of his past drug dealings. He argues that the prosecutor sought to inflame the jury by means of this tactic, and that such behavior constitutes misconduct. We disagree.
 
 
 12
 The questions and statements that occurred during cross-examination constituted an attempt by the prosecutor to explore Valencia's past drug dealing and work history. That is a legitimate tactic if the prosecutor has reason to inquire. None of the prosecutor's questions or statements in this respect were improper. As to the closing argument, it consisted entirely of appropriate comments concerning matters that were a part of the record. In short, we find no prosecutorial error.
 
 
 13
 IV. Discovery Material.
 
 
 14
 Valencia was granted extensive discovery regarding the DEA informant, John Armand. The materials disclosed to the defense included Armand's name and criminal record, copies of federal indictments brought against him, his written plea agreement, copies of letters written by the United States Attorney's office communicating the plea agreement to other offices, and records of all expense and reward money paid to him in connection with the investigation of Valencia.
 
 
 15
 In addition to this material, Valencia requested Armand's presentence report, his DEA benefits file or benefits package, the DEA file on Armand, a record of ayments made to him in connection with another DEA investigation, a schedule of payments made to him by a DEA agent, Chuck Jones, and Agent Jones' rough notes of the entire investigation of Valencia. The district court agreed to review the requested documents in camera and to disclose any Brady material to the defense. Such a review is the "preferable practice" under these circumstances. United States v. Ochoa-Sanchez, 676 F.2d 1283, 1288 (9th Cir.1982), cert. denied, 459 U.S. 911, 103 S.Ct. 219 (1982). The court disclosed none of the additional material to Valencia. On appeal, Valencia contends that the material was improperly withheld from him. We review de novo the district court's rulings on whether Brady material should be disclosed to the defense. United States v. Kennedy, 890 F.2d 1056, 1058 (9th Cir.1989), cert. denied, 494 U.S. 1008, 110 S.Ct. 1308 (1990).
 
 
 16
 We have examined Armand's presentence report, the record of payments made to Armand in connection with the other investigation, the schedule of payments made by Agent Jones to Armand, and Agent Jones' rough notes. We conclude that the information contained in these documents was either made available to the defense in other forms or was properly withheld from it.
 
 
 17
 Upon our inquiry, through the Clerk of the Court, the prosecution has informed us that two of the documents Valencia requested, Armand's DEA benefits file or benefits package and the DEA file on Armand, were never turned over to the district court. We are therefore unable to determine whether these two documents contain exculpatory material. Accordingly, we vacate Valencia's conviction and remand the case to the district court for a period of sixty days. Within that period, the district court shall make an initial determination as to whether the two documents contain information that should have been disclosed to Valencia, and, if they do, whether the failure to disclose the documents was prejudicial to Valencia. See Fed.R.Crim.P. 52(a); see also United States v. Bryan, 868 F.2d 1032, 1037 (9th Cir.1989), cert. denied, 493 U.S. 858, 110 S.Ct. 167 (1989). Depending on its determination, the district court shall either reinstate Valencia's conviction or order a new trial if the government wishes one. If the district court reinstates Valencia's conviction, or if the government appeals the order of a new trial, the parties shall supplement the record forthwith and we will resume jurisdiction over the appeal.
 
 
 18
 We regret that the government did not make these two documents available to the district court in the first instance. Had it done so, it would have saved the district court and possibly this court the trouble of considering this matter twice.
 
 
 19
 VACATED AND REMANDED FOR THE LIMITED PURPOSE DESCRIBED ABOVE.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Valencia's proposed instructions, in pertinent part, were as follows:
 If, then, you should find beyond a reasonable doubt from the evidence in the case that, before anything at all occurred respecting the alleged offense involved in this case, the defendant was ready and willing to commit a crime such as charged in the indictment, whenever the opportunity was afforded, and that government officers or their agents did no more than offer the opportunity, then you should find the defendant is not a victim of entrapment.
 * * *
 You are instructed that a paid informer, or one seeking reduction in his sentence, is an "agent" of the government for purposes of this instruction.
 * * *
 A defendant's predisposition is not to be assessed as of that time when he committed the crime. Normally, predisposition refers to the state of mind of a defendant before government agents make any suggestion that he should commit a crime.
 * * *
 It is the theory of the defense of BERNARDO VALENCIA that he was entrapped into committing the crime charged in the indictment.
 It is further the theory of the defense of Defendant BERNARDO VALENCIA that he had been completely disengaged from any unlawful activity related to narcotics at the time he was first approached by the Informant Agent John Arman [sic].
 It is further the theory of the defense that although he has [sic] vulnerable to the inducements of the Informant Arman [sic] he was not predisposed to commit the act as of October 16, 1991 and had not engaged in any illegal narcotic activity since January of 1985.
 It is the theory of MR. VALENCIA that he agreed to commit the act only after being barraged with inducements of money and out of sympathy for the informant.
 In addition, Valencia submitted an alternative instruction on entrapment that was substantially similar to that given by the court. See infra note 2.
 
 
 [2]
 The court's instruction was as follows:
 Now, the defendant in this case has asserted that he was the victim of entrapment. The government must, therefore, proof [sic] beyond a reasonable doubt, in addition to the elements of the offense itself, that the defendant was not entrapped.
 Where a person has no previous intention to violate the law, but is talked into committing a crime by government agents, he is a victim of entrapment, and the law as a matter of policy forbids his conviction.
 On the other hand, where a person is already willing to commit a crime and is--it is not entrapment if the government agent merely provide [sic] the opportunity to commit the crime.
 So, then, if you find beyond a reasonable doubt that before anything was done by the government agents the defendant was willing to commit a crime, like the one charged in the indictment, if the opportunity was offered, and that the government agents did no more than offer the opportunity, then you should find that the defendant was not entrapped.
 On the other hand, if the evidence in this case leaves you with a reasonable doubt whether the defendant was willing to commit the crime, apart from the persuasion of the government agents, then you must find him not guilty.
 There are five factors to consider when determining what is called predisposition, whether or not the individual was predisposed to commit the crime.
 One. The character or reputation of the individual, the defendant.
 Two. Whether the government made the initial suggestion of the criminal activity.
 Three. Whether the defendant engaged in the activity for profit.
 Four. Whether the defendant showed any reluctance.
 Five. The nature of the government's inducement. [RT 763-64, 5/6/91]