996 F.2d 1229
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Angelo Ernesto SBROCCA, Defendant-Appellant.
 No. 92-10669.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1993.*
Decided July 2, 1993.
 
 Before: CANBY, FERNANDEZ, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Angelo Ernesto Sbrocca appeals from his conviction, following a jury trial, for one count of conspiracy to distribute cocaine, in violation of 21 U.S.C. § 846; three counts of distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1); and four counts of use of a telephone to facilitate a controlled substance transaction, in violation of 21 U.S.C. § 843(b). Sbrocca contends that the district court erred by denying his motion for judgment of acquittal because the government failed to prove beyond a reasonable doubt that he was not entrapped. He also contends that the district court erred in its jury instructions on entrapment. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 I. Rule 29 Motion
 
 3
 Sbrocca contends that the government did not meet its burden of proving that he was predisposed to commit the offenses because it presented only evidence of his conduct after the government agent's acts of inducement began. This contention lacks merit.
 
 
 4
 We examine the sufficiency of the evidence to support a conviction by reviewing the evidence in the light most favorable to the prosecution and determining whether any rational trier of fact could have found the elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979). We must assume that the jury resolved such matters as the credibility of witnesses and evidentiary conflicts in a manner that supports the conviction. United States v. Goode, 814 F.2d 1353, 1355 (9th Cir.1987).
 
 
 5
 " 'The defense of entrapment has two elements: (1) the defendant was induced to commit the crime by a government agent, and (2) he was not otherwise predisposed to commit the crime.' " United States v. Verela, Nos. 91-50815 and 92-50233, slip op. 5835, 5841 (9th Cir. June 9, 1993) (quoting United States v. Barry, 814 F.2d 1400, 1401 (9th Cir.1987)). If the defendant presents some evidence of both of these elements, then the burden shifts to the government to prove beyond a reasonable doubt either that there was no inducement or that the defendant was predisposed. Id. Regarding predisposition, the government must prove that the defendant was disposed to commit the crime before the government agent approached him. United States v. Skarie, 971 F.2d 317, 320 (9th Cir.1992) (citing Jacobson v. United States, 112 S.Ct. 1535, 1540 (1992)); United States v. Hart, 963 F.2d 1278, 1283 (9th Cir.1992) (in order for a defendant to be entitled to a judgment of acquittal on the basis of entrapment, there must exist "undisputed evidence making it patently clear that an otherwise innocent person was induced to commit the illegal act by trickery, persuasion, or fraud of a government agent" (quotation omitted)). The defendant's "ready commission of the criminal act" after being provided with an opportunity may establish predisposition. Jacobson, 112 S.Ct. at 1541.
 
 
 6
 Here, Rex Reynolds, an FBI informant, testified that on many occasions, beginning in February 1990, he telephoned Sbrocca and met with him at the restaurant Sbrocca managed in order to persuade Sbrocca to sell cocaine. The evidence showed that Sbrocca sold cocaine to Reynolds on February 6, 1990 and later occasions. As the government points out, however, Reynolds testified that on February 3, 1990 Sbrocca patted him down to determine whether he was wearing a recording device. This testimony, along with testimony regarding Sbrocca's telephone calls made to effectuate the February 6 sale, viewed in the light most favorable to the government, permitted the jury to find that Sbrocca was not reluctant to sell cocaine. See Jackson, 443 U.S. at 319; Skarie, 971 F.2d at 320. Because the evidence did not undisputably establish Sbrocca's lack of predisposition, the district court did not err by denying his motion for judgment of acquittal. See Skarie, 971 F.2d at 320; Hart, 963 F.2d at 1283.
 
 II. Jury Instructions
 
 7
 Sbrocca contends that the district court erred by failing to instruct the jury that any predisposition to commit the crimes was required to be separate from and prior to the government agent's acts of inducement. Sbrocca further contends that Jacobson and Skarie effectively overruled United States v. North, 746 F.2d 627, 630 (9th Cir.1984), cert. denied, 470 U.S. 1058 (1985), which held that a defendant not initially disposed to commit a crime could develop such a disposition during a course of criminal conduct. These contentions lack merit.
 
 
 8
 The district court instructed the jury as follows:
 
 
 9
 A person is entrapped when the person has no previous intention to violate the law and is persuaded to commit a crime by government agents.
 
 
 10
 On the other hand, where a person is already willing to commit a crime, it is not entrapment if government agents merely provide an opportunity to commit the crime.
 
 
 11
 For example, when the government suspects that a person is engaged in the illicit sale of narcotics, it is not entrapment for a government agent to pretend to be someone else and to offer, either directly or through an informer, to purchase narcotics from the suspected person.
 
 
 12
 In addition, an initial finding of entrapment for the first criminal transaction does not immunize a defendant from criminal liability for subsequent transactions that the person readily and willingly undertook.
 
 
 13
 Jacobson and Skarie hold that "predisposition is tested at a time 'prior to the Government acts intended to create predisposition.' " Skarie, 971 F.2d at 321 (quoting Jacobson, 112 S.Ct. at 1543). Nonetheless, under North, a defendant's predisposition developed during a course of criminal conduct would be required to predate the government's inducement to commit a subsequent crime. Accordingly, the district court properly instructed the jury. See North, 746 F.2d at 630.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3