19 F.3d 31
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Refugio Frias MENDOZA, Defendant-Appellant.
 No. 93-30113.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 7, 1994.*
Decided Feb. 16, 1994.
 
 Before: SCHROEDER, CANBY and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Refugio Mendoza appeals his conviction following jury trial for possession with intent to distribute heroin in violation of 21 U.S.C. Sec. 841(a)(1), (b)(1)(B) and 18 U.S.C. Sec. 2. Pursuant to Anders v. California, 386 U.S. 738 (1967), Mendoza's counsel submitted a brief identifying two possible issues for review: whether Mendoza was entrapped as a matter of law and whether the district court erred by denying his motion for a new trial based upon inconsistent verdicts. Counsel also submitted a motion to withdraw as counsel of record. Mendoza's pro se supplemental brief identifies one other possible issue for review: whether the two-count indictment was duplicitous in violation of the Double Jeopardy Clause.[1] We have jurisdiction under 28 U.S.C. Sec. 1291. We grant counsel's motion to withdraw and affirm the district court's judgment.[2]
 
 
 3
 * Entrapment
 
 
 4
 Mendoza contends that the government's conduct during the investigation amounted to entrapment as a matter of law and that the evidence was insufficient to show predisposition to commit the offenses of conviction. We disagree.
 
 
 5
 We review de novo whether undisputed facts establish entrapment as a matter of law. See United States v. Mkhsian, 5 F.3d 1306, 1309 n. 1 (9th Cir.1993); United States v. Smith, 802 F.2d 1119, 1124 (9th Cir.1986).
 
 
 6
 "A defense of entrapment has two elements: government inducement of the crime and the absence of predisposition on the part of the defendant." United States v. Skarie, 971 F.2d 317, 320 (9th Cir.1992). To be entitled to an acquittal as a matter of law based upon entrapment, Mendoza "must point to undisputed evidence making it patently clear that an otherwise innocent person was induced to commit the illegal act" by government agents. See Smith, 802 F.2d at 1124; accord United States v. Hart, 963 F.2d 1278, 1283 (9th Cir.1992). Solicitation or mere suggestion by a government agent does not constitute inducement. United States v. Barry, 814 F.2d 1400, 1402 n. 2 (9th Cir.1987); United States v. Reynoso-Ulloa, 548 F.2d 1329, 1336 & n. 10 (9th Cir.1977), cert. denied, 436 U.S. 926 (1978).
 
 
 7
 The government adduced the following evidence at jury trial. On August 11, 1992, a confidential informant (CI) informed United States Custom Service Special Agent Joseph Parra and Drug Enforcement Administration (DEA) Special Agent Julie Parra that Mendoza had agreed to meet with them to discuss heroin sales. The following day, the investigating agents and the CI met Mendoza in a restaurant parking lot in Seattle, Washington and then moved the meeting to an undercover DEA vessel.
 
 
 8
 On the vessel, the investigating agents and Mendoza socialized for approximately thirty minutes and then discussed the purchase of heroin. Mendoza indicated that he knew several individuals who could provide him with substantial quantities of heroin. The meeting lasted approximately three hours. Neither the investigating agents nor the CI pressured Mendoza to obtain the heroin.
 
 
 9
 On August 19, 1992, Mendoza twice met with the investigating agents in a hotel room. During the second meeting, Mendoza provided the agents with a sample quantity of heroin (Count 1). On August 24, 1992, at a restaurant parking lot in Tukwila, Washington, Mendoza attempted to deliver approximately five ounces of heroin to Special Agent Julie Parra and was arrested (Count 2).
 
 
 10
 Mendoza testified that he had known the CI for six or seven years. Three months prior to Mendoza's arrest, the CI approached Mendoza about distributing drugs to a friend. The CI asked Mendoza "to get stuff together for his friend." Although Mendoza indicated that the did not want to sell drugs or have problems with the police, the CI asked him on a daily basis about distributing drugs. The CI also showed Mendoza drugs and large sums of money and bought him meals and twelve-packs of beer. After meeting with Special Agent Joseph Parra on the DEA vessel, Mendoza agreed to distribute drugs.
 
 
 11
 Even accepting Mendoza's testimony as true, the CI's and law enforcement agents' solicitations to sell drugs did not amount to inducement. See Reynosa-Ulloa, 548 F.2d at 1336 & n. 10. Mendoza failed to present any evidence that the government agents repeatedly pressured him to engage in criminal activity. See Hart, 963 F.2d at 1283. Further, although Mendoza claimed he neither used nor sold drugs, he had his own heroin sources. See Smith, 802 F.2d at 1125 (no entrapment as matter of law where defendant, among other things, still had drug contacts). Because Mendoza failed to show undisputed evidence that he was induced to distribute heroin, we need not determine whether lack of predisposition was established as a matter of law.[3] See Mkhsian, 5 F.3d at 1309.
 
 II
 Duplicitous Indictment
 
 12
 Mendoza contends the indictment is duplicitous because "the two counts improperly charged both a distribution charge and possessing and aiding and abetting." We have recently considered and rejected a similar contention. See United States v. Casteneda, 9 F.3d 761, 765 (9th Cir.) ("[A] defendant may properly be charged with committing the same offense more than once as long as each count depends on a different set of predicate facts."), petition for cert. filed, --- U.S.L.W. ---- (U.S. Dec. 20, 1993) (No. 93-7182). Here, because each count relied on a different set of predicate facts, Mendoza's contention must fail. See id.
 
 III
 Inconsistent Verdicts
 
 13
 Mendoza contends that, because the jury acquitted him on Count 1, the charge of distributing heroin, and convicted him on Count 2 for possession and aiding and abetting the possession with intent to distribute heroin, the verdicts were impermissibly inconsistent. Despite any such inconsistency, the verdicts are insulated from appellate review. See Hart, 963 F.2d at 1280-82; Smith, 802 F.2d at 1126-27.
 
 
 14
 Finally, we deny Mendoza's request for appointment of new counsel. Counsel's motion to withdraw is GRANTED and the district court's judgment is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We construe Mendoza's pro se letter requesting additional time for further research as a motion to allow additional briefing. So construed, we deny the motion
 
 
 [2]
 Our independent review of the record pursuant to Penson v. Ohio, 488 U.S. 75, 83 (1988), discloses no other issues for review
 
 
 [3]
 We also reject Mendoza's contention that the government's conduct was so outrageous that it violated his due process rights. See, e.g., Hart, 963 F.2d at 183-84 (rejecting similar contentions); Smith, 802 F.2d at 1126 (same)