28 F.3d 109
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael Patrick MCINERNEY, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael GIAMBRA, Defendant-Appellant.
 Nos. 93-10314, 93-10330.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 13, 1994.
Decided July 7, 1994.
 
 1
 Before: HUG, SCHROEDER, and FERNANDEZ, Circuit Judges
 
 
 2
 MEMORANDUM*
 
 
 3
 Michael McInerney and Michael Giambra appeal their jury convictions for money laundering, aiding and abetting and conspiracy in violation of 18 U.S.C. Secs. 1956(a)(3), 2 & 371. They claim that Sec. 1956(a)(3) trenches on their First Amendment rights, that it is void for vagueness, and that it unconstitutionally shifts the burden of persuasion to defendants. They also claim that they were entrapped as a matter of law and that the evidence adduced at trial was insufficient to support their convictions.
 
 I. Constitutional Challenges
 
 4
 Giambra and McInerney contend that a conviction under Sec. 1956(a)(3) violates their First Amendment rights because it punishes their mere belief that money was illegally obtained. We disagree. No doubt they had to believe that the money was drug proceeds, but it was not that alone which warranted punishment. It was their intent to launder the funds coupled with their actions that brought about their downfall. "The First Amendment ... does not prohibit the evidentiary use of speech to establish the elements of a crime or to prove motive or intent." Wisconsin v. Mitchell, --- U.S. ----, ----, 113 S.Ct. 2194, 2201, 124 L.Ed.2d 436 (1993). Similarly, the fact that an intent rests on a defendant's beliefs and thought processes does not invoke a First Amendment prohibition of prosecution. Also, engaging in a money laundering scheme cannot be protected from prosecution by dubbing it expressive conduct. See Barnes v. Glen Theatre, Inc., 501 U.S. 560, ----, 111 S.Ct. 2456, 2458-63 115 L.Ed.2d 504 (1991); Clark v. Community for Creative Non-Violence, 468 U.S. 288, 294, 104 S.Ct. 3065, 3069, 82 L.Ed.2d 221 (1984). No doubt every act expresses something. But Giambra and McInerney's money laundering activity is not expressive of anything other than the intent to commit the crime itself, just as stabbing someone is expressive of the intent to injure or kill. Still and all, expressive or no, the government can regulate that kind of conduct. See United States v. O'Brien, 391 U.S. 367, 376-77, 88 S.Ct. 1673, 1678-79, 20 L.Ed.2d 672 (1968). The special kinds of damages that money laundering contributes to justify its suppression. See R.A.V. v. City of St. Paul, Minnesota, --- U.S. ----, ----, 112 S.Ct. 2538, 2544, 120 L.Ed.2d 305 (1992); Barnes, 501 U.S. at ----, 111 S.Ct. at 2458-63; Roberts v. United States Jaycees, 468 U.S. 609, 628, 104 S.Ct. 3244, 3255, 82 L.Ed.2d 462 (1984).
 
 
 5
 In short, no First Amendment rights are threatened by Sec. 1956(a)(3) or by this prosecution. Because that is so, Giambra and McInerney's claim that the statute is overbroad must also fall. Cf. Bates v. State Bar of Arizona, 433 U.S. 350, 380, 97 S.Ct. 2691, 2707, 53 L.Ed.2d 810 (1977); Broadrick v. Oklahoma, 413 U.S. 601, 610-12, 93 S.Ct. 2908, 2915-16, 37 L.Ed.2d 830 (1973). At any rate, Giambra and McInerney's decision to engage in the business of money laundering is a poor candidate for overbreadth analysis. Not even honest commercial speech is a good candidate. See Bates, 433 U.S. at 380-81, 97 S.Ct. at 2707-08.
 
 
 6
 Next Giambra and McInerney assert that the statute is void for vagueness as applied to their conduct. See Maynard v. Cartwright, 486 U.S. 356, 361, 108 S.Ct. 1853, 1857, 100 L.Ed.2d 372 (1988); Kolender v. Lawson, 461 U.S. 352, 357, 103 S.Ct. 1855, 1858, 75 L.Ed.2d 903 (1983). We think not. The statute provided them with adequate notice that if they believed that certain money was the fruit of drug activity, they bore a grave risk of prosecution when they conducted financial transactions with the specified intent. There is nothing vague about that as applied to them, nor was arbitrary or discriminatory enforcement encouraged.
 
 
 7
 Giambra and McInerney claim that the burden of persuasion was shifted to them because, under the terms of the statute, they were forced to disprove their belief that the money was drug money. However, they have not demonstrated how section 1956(a)(3) shifts the burden. Nor does it become apparent upon extended lucubration. The government bears the burden of proving all elements of a Sec. 1956(a)(3) violation including their intent. They are not required to disprove anything at all. The statute does not violate the Fifth Amendment.
 
 II. Entrapment
 A. Motion for Acquittal
 
 8
 "A defense of entrapment has two elements: government inducement of the crime and the absence of predisposition on the part of the defendant." United States v. Skarie, 971 F.2d 317, 320 (9th Cir.1992). Giambra and McInerney failed to present undisputed evidence that establishes either inducement or a lack of predisposition to commit the crime of money laundering as a matter of law. United States v. Smith, 802 F.2d 1119, 1124 (9th Cir.1986).
 
 
 9
 While the government did first propose the laundering to them, they, after an initial coy delay, readily accepted the proposal. United States v. Barry, 814 F.2d 1400, 1402 n. 2 (9th Cir.1987) (mere solicitation is not sufficient to show inducement); United States v. Reynoso-Ulloa, 548 F.2d 1329, 1336 & n. 10 (9th Cir.1977) (same), cert. denied, 436 U.S. 926, 98 S.Ct. 2820, 56 L.Ed.2d 769 (1978). That lack of reluctance combined with their other criminal activity and their wholesale laundering activity for profit also show that they were predisposed to commit the offense. See Skarie, 971 F.2d at 320; United States v. Citro, 842 F.2d 1149, 1152 (9th Cir.), cert. denied, 488 U.S. 866, 109 S.Ct. 170, 102 L.Ed.2d 140 (1988). The district court did not err when it denied their motions for acquittal based upon entrapment.
 
 B. Jury Instruction
 
 10
 Taken as a whole, the entrapment jury instruction accurately stated the law under Jacobson v. United States, --- U.S. ----, ----, 112 S.Ct. 1535, 1540, 118 L.Ed.2d 147 (1992). After the first paragraph instructed that the government must prove beyond a reasonable doubt that the defendants were not entrapped, the second paragraph stated that a person is entrapped when he has no predisposition to violate the law "prior to first being approached by government agents." Compare id. at ----, 112 S.Ct. at 1540 ("the prosecution must prove beyond reasonable doubt that the defendant was disposed to commit the criminal act prior to first being approached by Government agents"). The entrapment instruction was neither misleading nor inadequate to guide the jury's deliberations. See United States v. Kessi, 868 F.2d 1097, 1101 (9th Cir.1989) cert. denied, 498 U.S. 1119, 111 S.Ct. 1072, 112 L.Ed.2d 1178 (1991). The court did not abuse its discretion by giving it.
 
 III. Sufficiency of the Evidence
 
 11
 When reviewing a challenge that the evidence at trial was insufficient to support a conviction, we must determine whether any rational trier-of-fact could have found the essential elements of the crime to have been proven beyond a reasonable doubt. United States v. Adler, 879 F.2d 491, 495 (9th Cir.1988). In making that determination, the evidence must be viewed in the light most favorable to the government. United States v. Mundi, 892 F.2d 817, 820-21 (9th Cir.1989), cert. denied, 498 U.S. 1119, 111 S.Ct. 1072, 112 L.Ed.2d 1178 (1991).
 
 
 12
 In order to support a conviction for violation of 18 U.S.C. Sec. 1956(a)(3) in this case, the government had to prove beyond a reasonable doubt that each defendant (1) conducted or attempted to conduct a financial transaction (2) involving property that a government agent represented to be the proceeds of specified unlawful activity (3) with the intent (a) to promote the carrying on of specified unlawful activity or (b) to conceal or disguise the nature, location, source, ownership, or control of property believed to be the proceeds of specified unlawful activity.
 
 
 13
 Giambra and McInerney do not dispute that they conducted numerous financial transactions. The evidence also supports an inference that government agents, Stein and Mathis, represented to both defendants that the money they sought to launder was drug money. For example, at the May 31, 1989 meeting, Stein told McInerney and Giambra that Mathis, who supplied the money to be laundered, was a "dope dealer." Giambra responded by terminating the conversation because, he said, he did not want to deal with drugs. He clearly did not believe that the representation was effectively retracted by any subsequent statement that Stein made.
 
 
 14
 A rational juror could also have concluded that Giambra and McInerney believed that Mathis' money was drug money and that they intended to disguise its source by laundering it. McInerney actually admitted as much about himself and Giambra. That admission by a co-conspirator suffices to allow a jury reasonably to infer that both defendants believed Mathis' money to be drug money. Fed.R.Evid. 801(d)(2)(A) (party's own admission), (E) (statement by a coconspirator of a party during the course and in furtherance of the conspiracy); United States v. Castaneda, 16 F.3d 1504, 1507-09 (9th Cir.1994). We recognize that Giambra went to great lengths to avoid talking about the source of Mathis' money in a direct manner, but the mantle with which he enveloped his true understanding was diaphanous.
 
 
 15
 Viewed in the light most favorable to the government, a rational juror could find that the evidence in this case establishes beyond a reasonable doubt that both Giambra and McInerney violated section 1956(a)(3).
 
 
 16
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3