

**FILED**

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

STACY DRAYTON,

              Plaintiff-Appellant,

     v.

STEPHEN SCALLON, *et al.*,

              Defendants-Appellees.

No. 15-55458

DC No. 2:13-cv-05041-SJO-DFM

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California.
S. James Otero, District Judge, Presiding

Argued and Submitted March 9, 2017
Pasadena, California

BEFORE: REINHARDT and NGUYEN, Circuit Judges, and MARBLEY, District

Judge.**

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Circuit Rule 36-3.

\*\* The Honorable Algenon L. Marbley, United States District Judge for the Southern District of Ohio, sitting by designation.

Stacy Drayton appeals a jury verdict and judgment in favor of Officers Scallon, Dudas, Hui, Nunez, and Tourtellote (the "officers") on his excessive force claim. We have jurisdiction under 28 U.S.C § 1291, and affirm.

On July 15, 2011, Drayton was arrested after Officer Scallon found him driving the wrong way down a one-way street in a vehicle that he did not have permission to drive. Drayton claimed that he repeatedly was hit and kicked by the officers from the time he was stopped until after he was placed in a cell at the Metropolitan Detention Center. The officers denied hitting or kicking Drayton.

Drayton was photographed in connection with his booking, and the photographs, which show a lack of visible injury to Drayton's head, were admitted at trial.

Because Drayton reported having been subject to excessive force at the hands of the officers, an investigator, Sergeant Ruben Lopez, interviewed him on the evening of July 15. A photographer also took pictures of Drayton at that time. These photographs showed a lack of visible injury to Drayton's face, arms, and torso. The transcript of this interview, Sergeant Lopez's observations, and these photographs were admitted into evidence at trial. A few days later, Drayton was examined by a nurse practitioner, whose notes were introduced into evidence. These notes indicated a "[s]light bump" on Drayton's head, a "potential head injury," crack cocaine use (both before and on July 15, 2011), and schizophrenia, for which

2

Drayton was not taking medication. The officers also introduced evidence of Drayton's extensive criminal history.

Drayton's case-in-chief consisted primarily of his own account of the events in question—an account which deviated in certain respects from accounts he gave to Lopez and the examining nurse, and the account he gave during his deposition. The jury returned a verdict in favor of the officers.

Drayton appeals the admission of evidence that he was: (a) schizophrenic and unmedicated; and (b) previously a crack cocaine user. He also appeals the admission of his rap sheet, which includes numerous arrests and several misdemeanor convictions (in addition to ten felony convictions), for purposes of impeachment. Finally, Drayton appeals allegedly inflammatory references to this evidence in the officers' opening statement and closing argument. Drayton's counsel did not object to this evidence and argument at trial, with the exception of a relevancy objection to evidence that he was diagnosed with a mental illness.

We review for plain error the admission of evidence at trial to which an appellant: (a) failed to object; or (b) makes a different objection on appeal. Fed. R. Evid. 103(e); *Williams v. Union Pac. R.R.*, 286 F.2d 50, 55 (9th Cir. 1960). We also review alleged attorney misconduct, "absent a contemporaneous objection[,]" for plain error. *Hemmings v. Tidyman's Inc.*, 285 F.3d 1174, 1193 (9th Cir. 2002) (internal quotations omitted).

The district court commits plain error "where the integrity or fundamental fairness of the proceedings in the trial court is called into serious question." *Bird v. Glacier Elec. Coop., Inc.*, 255 F.3d 1136, 1148 (9th Cir. 2001). We may not reverse unless the evidence is "highly prejudicial and affected . . . substantial rights." *Beachy v. Boise Cascade Corp.*, 191 F.3d 1010, 1016 (9th Cir. 1999). Even if the district court commits error, "[i]f the jury more probably than not would have reached the same result absent the error, the error is harmless and the party's substantial rights have not been affected." *Id.*

1.      Although the district court should not have admitted the evidence that Drayton suffered from schizophrenia without any indication that his diagnosis affected his ability to perceive the events in question, the court did not commit plain error in so doing. Evidence of a severe illness that bears on a witness's ability to perceive events is admissible to cast doubt on that witness's ability to perceive events. *Gonzalez v. Wong*, 667 F.3d 965, 983-84 (9th Cir. 2011). There was no evidence in this case, however, that Drayton's schizophrenia diagnosis bore on his ability to perceive events. Therefore, without more, the prejudicial effect of Drayton's schizophrenia diagnosis substantially outweighed its probative value under Federal Rule of Evidence 403, and the district court erred in admitting this evidence.

Nevertheless, the jury more probably than not would have reached the same result absent the error. Drayton's case, which was based solely on his own testimony, was not strong. Due to his inconsistent statements, the photographic evidence, his drug use during the events in question, and his prior felony convictions, the jury "more probably than not would have reached the same result absent the error." *Beachy*, 191 F.3d at 1016. Therefore, the district court did not plainly err in admitting this evidence.

2. The district court erred in admitting Drayton's rap sheet, but that error, too, did not rise to the level of plain error. Drayton's rap sheet contained entries relating to his ten felony convictions, numerous arrests (one of which was for murder), and several misdemeanor convictions. The felony convictions were admissible under Federal Rules of Evidence 609(a)(1)(A) and 403, but not in the form of a rap sheet. *United States v. Barry*, 814 F.2d 1400, 1404 & n.7 (9th Cir. 1987) ("Rap sheets have never been allowed as evidence of a conviction . . . ." (internal quotation mark omitted)). The misdemeanor convictions and arrests were not admissible, especially not in the form of a rap sheet. *Id.*; *see also* Fed. R. Evid. 403; *Nelson v. City of Chicago*, 810 F.3d 1061, 1067 (7th Cir. 2016) ("It's well established that in general, a witness's arrest record will not be admissible." (brackets and internal quotation marks omitted)).

Again, however, these errors did not rise to the level of plain error because "the jury more probably than not would have reached the same result absent the error." *Beachy*, 191 F.3d at 1016. In addition to the rap sheet, the jury had before it admissible evidence of eight felony convictions. The arrests and misdemeanors, at their most prejudicial, go to show Drayton's lengthy criminal history, which had already been demonstrated by admissible evidence of his felony convictions. Drayton has not shown that evidence of additional contact with law enforcement affected his substantial rights.

3.    The district court did not err in admitting evidence of Drayton's prior drug use. Drayton had told the nurse practitioner that he had used cocaine on the night of July 15, 2011, but testified during his deposition and at trial that he had been under the influence of marijuana and beer. Drayton's drug use that night was squarely at issue—both for his credibility and for his ability to perceive the events in question. When the officers questioned Drayton about his drug use on July 15, Drayton volunteered evidence of his prior drug use. *Then*, the officers introduced additional evidence of this prior drug use. The district court did not plainly err in admitting it.

4.    Even if the officers' counsel made isolated inflammatory statements during her opening statement and closing argument, these statements did not constitute plain error because we cannot find that they "so permeate[d] the trial as to

show that the jury was necessarily prejudiced" or "offended fundamental fairness and deprived [Drayton] of our Constitution's guarantee of due process." *Bird*, 255 F.3d at 1145, 1148 (internal quotations omitted). Considering, as we must, "the totality of circumstances, including the nature of the comments, their frequency, their possible relevancy to the real issues before the jury, the manner in which the parties and the court treated the comments, the strength of the case, and the verdict itself," we find that Drayton has not reached the "'high threshold' [erected by the federal courts] to claims of improper closing arguments in civil cases raised for the first time after trial." *Hemmings*, 285 F.3d at 1193 (internal quotations omitted).

The officers' counsel made isolated, arguably inflammatory statements over a three-day trial. The comments themselves include two references to Drayton's felony convictions, one of which (calling him a "multiple felon") could be considered inflammatory. They also include two references to his mental health, one of which (calling him a "psychiatric patient") could be considered inflammatory. Finally, they include three references to Drayton's drug use, none of which was inflammatory.

Unlike the extensive comments made in *Bird*, the inflammatory comments made by the officers' counsel were isolated rather than pervasive. *Compare Hemmings*, 285 F.3d at 1194 (finding a short comment in a sixty-six-page closing statement not pervasive), *with Bird*, 255 F.3d at 1149-51 (discussing numerous,

racially charged comments and imagery likening a contract dispute to a "massacre" of members of the Blackfeet tribe). And they were relevant to real issues before the jury—impeaching Drayton's credibility by contradiction and by questioning his memory and perception. *Cf. Hemmings*, 285 F.3d at 1193 (finding comment regarding counsel's prior lawsuit irrelevant to issues before jury); *Bird*, 255 F.3d at 1152 (finding racist imagery irrelevant to contract dispute before the jury). The parties and the court did not react contemporaneously to the comments, "support[ing] an inference that the misconduct was not prejudicial or fundamentally unfair." *Hemmings*, 285 F.3d at 1195. The court also instructed the jury that the statements or argument of counsel is not evidence, an admonition that we presume the jury followed. *Doe ex rel. Rudy-Glanzer v. Glanzer*, 232 F.3d 1258, 1270-71 (9th Cir. 2000).

The errors alleged in this case have not met the plain error threshold required for reversal.

**AFFIRMED.**