5 F.3d 544
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Arthur WHITE, Defendant-Appellant.
 No. 92-30362.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 30, 1993.*
Decided Sept. 9, 1993.
 
 Before: BROWNING, SCHROEDER and HALL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Arthur White appeals his jury conviction and sentence to 63 months imprisonment for conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C. Sec. 841(a)(1). White contends that the district court erred in denying his motions for acquittal because he was entrapped as a matter of law, and that the court improperly denied his request for a downward departure from the applicable sentencing guideline range. We affirm.
 
 I.
 
 3
 In reviewing the district court's denial of White's motions for a judgment of acquittal, we must consider whether, viewing the evidence in the light most favorable to the government, a rational jury could find White guilty beyond a reasonable doubt. United States v. A. Lanoy Alston, D.M.D., P.C., 974 F.2d 1206, 1210 (9th Cir.1992). Viewing the evidence in this manner, it is clear to us that a rational jury could find beyond a reasonable doubt that White was not entrapped.
 
 
 4
 The defense of entrapment has two elements: (1) a government agent induced the defendant to commit the crime charged; and (2) the defendant was not otherwise predisposed to commit the crime. United States v. Busby, 780 F.2d 804, 806 (9th Cir.1986). "The principal element in the defense of entrapment is the defendant's predisposition to commit the crime." United States v. Barry, 814 F.2d 1400, 1401 (9th Cir.1987).
 
 
 5
 White argues the evidence makes it so clear that a government informant induced him to engage in a drug transaction that the district court should not have put the question of inducement to the jury. However, viewed in a light most favorable to the government, the evidence showed no more than "mere suggestion or solicitation by a government agent" to commit the crime, which is insufficient to establish an inducement as a matter of law. United States v. Lee, 846 F.2d 531, 537 (9th Cir.1988); see Jacobson v. United States, 112 S.Ct. 1535, 1540 (1992) ("It is well settled that the fact that officers or employees of the Government merely afford opportunities or facilities for the commission of the offense does not defeat the prosecution.") (internal quotation omitted). The government's confidential informant telephoned White on five occasions, but the transcripts of those taped conversations reveal that White accepted the offered opportunity to engage in criminal activity during the first call and that the remainder were for the purpose of ironing out the details of the drug deal. In their first taped conversation, the informant asked White what quantity of drugs would make up for a $12,500 debt that he owed to White, but he did not have to persuade White to accept a settling of their account in that fashion. Indeed, White points to no actual evidence of government efforts to persuade him to commit a crime.
 
 
 6
 White also argues that undisputed evidence shows that he was not predisposed to commit the crime charged. In considering an entrapment defense, "the focal point ... is the predisposition of the defendant, rather than the nature of Government conduct." United States v. Reynoso-Ulloa, 548 F.2d 1329, 1334 (9th Cir.1977), cert. denied, 436 U.S. 926 (1978). We examine five factors in determining whether a criminal defendant is predisposed to commit a particular crime: (1) the defendant's character or reputation; (2) whether the government initially suggested the criminal activity; (3) whether the defendant committed the crime for profit; (4) whether the defendant evidenced reluctance to commit the offense, overcome only by repeated government inducement or persuasion; and (5) the nature of the government's inducement or persuasion. Busby, 780 F.2d at 807.
 
 
 7
 The parties do not dispute that the government informant initially suggested the criminal activity, but this factor "is not determinative so long as the government only provides the defendant with an opportunity to commit a crime which he was already predisposed to commit." Id. The remaining four factors indicate that White was indeed predisposed to commit the crime. Though, drawing all inferences in favor of the government, there is some evidence supporting the government's position on the first, third and fifth factors listed, the real problem for White is the question of his reluctance. "[T]he defendant's reluctance to engage in criminal activity is the most important" of the five factors. Id.; see Reynoso-Ulloa, 548 F.2d at 1336 n. 11 ("We have found no case in which the defense of entrapment ... was successful where the defendant had not indicated reluctance to engage in illegal activity."). The evidence--in particular, the transcripts of the taped conversations between White and the informant--reveals very little if any reluctance on the part of White. The evidence could be interpreted to show that White would have preferred that the informant simply repay his debt in cash rather than involve White in a drug transaction, but there is no evidence that White to any degree resisted participating in the crime.
 
 
 8
 This case is easily distinguished from Jacobson, in which government agents made repeated efforts over 26 months to lure the defendant into committing a crime. This case is more like the situation described in Jacobson in which "an agent deployed to stop the traffic in illegal drugs may offer the opportunity to buy or sell drugs, and, if the offer is accepted, make an arrest on the spot or later." 112 S.Ct. at 1541. In such a situation or even in a more elaborate "sting" operation where a defendant is provided an opportunity to commit a crime, "the entrapment defense is of little use because the ready commission of the criminal act amply demonstrates the defendant's predisposition." Id. White "promptly availed himself" of a criminal opportunity, thus showing his predisposition to commit the crime. See id. Based on the record, a rational jury could conclude beyond a reasonable doubt that White was not entrapped.
 
 II.
 
 9
 White raises several arguments concerning his sentencing which all amount to a challenge to the district court's refusal to depart downward from the applicable sentencing guideline range of 63-78 months imprisonment.
 
 
 10
 White first contends that the district court failed to resolve disputed sentencing factors and disputed questions of fact as required by Federal Rule of Criminal Procedure 32(c) and U.S.S.G. Sec. 6A1.3. Rule 32(c)(3)(D) provides that the district court must make written factual findings (or a determination that no finding is necessary) whenever a defendant alleges any factual inaccuracy in the presentence investigation report. U.S.S.G. Sec. 6A1.3(a) provides in pertinent part that "[w]hen any factor important to the sentencing determination is reasonably in dispute, the parties shall be given an adequate opportunity to present information to the court regarding that factor."
 
 
 11
 The record shows that the district court provided White an adequate opportunity to raise questions and present information concerning sentencing factors, as section 6A1.3 requires. At the start of both the October 4, 1991 and August 27, 1992 sentencing hearings, the district judge asked whether White and his attorney had read the presentence report, was told that they had, and confirmed with the parties White's specific objections to the report. White did not allege any factual inaccuracies in the presentence report; thus, Rule 32(c) by its own terms does not apply. The only objection to the presentence report which White made was to paragraph 68, which stated that no factors warrant departure. The district court specifically overruled White's objections to paragraph 68, stating that it had considered all of White's arguments for departure, and adopted the presentence report in its entirety. When the accuracy of information in the presentence report is not in dispute, the district court's adoption of the presentence report is sufficient to satisfy the need for factual findings. United States v. Rigby, 896 F.2d 392, 394 (9th Cir.1990); United States v. Corley, 909 F.2d 359, 362 (9th Cir.1990). We note that White mischaracterizes his arguments for departure (which the government opposed) as disputed sentencing "factors" requiring resolution by written findings. Neither the sentencing guidelines nor case law require the district court to identify specific reasons for rejecting each proposed basis for departure when the underlying facts are not in dispute.
 
 
 12
 White also asserts that it is unclear whether the district court exercised its discretion in refusing to depart on any of the four grounds White urged, or whether the court thought it lacked legal authority to depart on those grounds. We disagree. At sentencing, the judge stated, "I assume for the moment I have discretion to depart, but I do not believe that I should exercise it." The judge explained that he considered all of White's arguments, but that he would not exercise his discretion to grant a departure because this case--though a "sad" one like "almost every case"--was not out of the ordinary. Based on this record, we conclude that the district court's refusal to depart downward was an exercise of discretion, and therefore not reviewable on appeal. United States v. Morales, 898 F.2d 99, 101 (9th Cir.1990). White's remaining arguments concerning his sentence simply rephrase and reiterate his challenge to the district court's unreviewable decision not to depart, and therefore we do not address them.
 
 
 13
 AFFIRMED.
 
 
 
 *
 This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3